**UNITED STATES of America, Plaintiff–Appellee, Cross–Appellant,**

v.

**Richard WILLIAMS and William Scott Hames, Defendants–Appellants, Cross–Appellees.**

**No. 92–9253.**

United States Court of Appeals, Eleventh Circuit.

July 31, 1995.

---

Robert Thomas Jarrard, Carey Deal Jarrard & Walker, Gainesville, GA, for Richard Williams.

Jake Arbes, Atlanta, GA, for William Scott Hames.

Mary Jane Stewart, Amy Weil, Asst. U.S. Attys., Atlanta, GA, for appellee.

Before DUBINA, Circuit Judge, RONEY and ESCHBACH[*], Senior Circuit Judges.

RONEY, Senior Circuit Judge:

Richard Williams was convicted on both counts of a two count indictment for knowingly conspiring to possess with the intent to distribute marijuana and attempted possession with the intent to distribute marijuana in violation of 21 U.S.C. §§ 841 and 846. William Scott Hames was convicted on the second count only. Both defendants appeal

their convictions. Hames appeals his sentence as outside the Guidelines and in contravention of the Guideline's statutory mandate. The Government cross-appeals the district court's failure to consider Williams' prior conviction in sentencing. We affirm both convictions and Hames' sentence, and vacate and remand Williams' sentence.

The facts of this case are fully set forth in our previous opinion *United States v. Williams*, 954 F.2d 668 (11th Cir.1992). Those facts are briefly summarized as follows: David Brown, a drug dealer turned Government informant, had an arrangement to receive twenty-five percent of the value of any money or drugs seized or collected as a result of his actions as an informant. Brown arranged for a $3.2 million, 18,000 pound marijuana deal that would involve several individuals, including defendants Williams and Hames.

Hames and Williams were convicted on both counts of the indictment at their first trial, but we reversed because the district court improperly refused to allow the defense to impeach Brown on his considerable contingency fee arrangement with the Government. *United States v. Williams*, 954 F.2d at 672. The second trial ended in a mistrial due to a juror's misconduct. The third trial resulted in a finding of guilt for Hames on both counts and Williams on the second count.

### HAMES

Hames contends that: (1) the district court erred in failing to give a specific cautionary instruction to the jury on the credibility of Brown due to his arrangement with the Government; (2) his due process rights were violated; (3) the district court misapplied the Sentencing Guidelines; (4) certain Guidelines applied to him were enacted without proper legislative authority.

1. Hames: Special Jury Instruction

Hames' defense at trial was that he believed that he was cooperating with Brown as a Government informant, pursuant to

* Honorable Jesse E. Eschbach of the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

Brown's instructions. Brown, with his huge financial incentive to maximize the amount of drugs and money involved in deals that he performed for the Government, was the only one to provide testimony contradicting Hames' defense.

■ A defendant is entitled to a special jury instruction on the credibility of a Government informer if the defendant requests it and the testimony implicating the accused is elicited solely from the informer. *United States v. Garcia*, 528 F.2d 580, 587–88 (5th Cir.), *cert. denied*, 429 U.S. 898, 97 S.Ct. 262, 50 L.Ed.2d 182 (1976). The purpose behind such a policy is to ensure that no verdict based solely on the uncorroborated testimony of a witness who may have good reason to lie is too lightly reached.

■ In this case, the defense failed to ask for a special cautionary instruction regarding Brown's credibility. Therefore, the failure to give the instruction is reversible only if it was plain error. *United States v. Martinez*, 763 F.2d 1297 (11th Cir.1985). "This Court has recognized that in reviewing a trial for plain error, the touchstone is fundamental fairness." *United States v. Garcia*, 528 F.2d at 588.

■ A careful review of the record indicates that the jury was sufficiently informed as to how to deal with the credibility of a person in Brown's situation so as to make the failure to give a special instruction not fundamentally unfair to Hames. The district judge in his jury instructions cautioned the jury that

> [i]n deciding whether you believe or do not believe any witness, I suggest that you ask yourselves a few questions: did the person impress you as one who was telling the truth? Did he have any particular reason not to tell the truth? Did he have a personal interest in the outcome of the case? Did the witness seem to have a good memory?
>
> \* \* \* \* \* \*
>
> The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

> For example, a witness who has been promised that he will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his own case, may have a reason to make a false statement because he wants to strike a good bargain with the Government.
>
> \* \* \* \* \* \*
>
> ... So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

We have held that it is not necessary to mention a witness by name if the instructions "are sufficiently focused to remind the jury of the special credibility issue posted by the testimony of contingently motivated witnesses." *United States v. Wilson*, 904 F.2d 656 (11th Cir.1990), *cert. denied sub nom. Bogus v. United States*, 502 U.S. 889, 112 S.Ct. 250, 116 L.Ed.2d 205 (1991).

These instructions followed the prosecutor's own statements in closing argument telling the jury that the testimony of a person in Brown's position should be viewed with some skepticism. In arguing how the jury should view witnesses for credibility purposes and after saying that the testimony of a witness with a felony conviction should be looked at with special caution, she said:

> obviously someone who is cooperating with the government in hopes of money or some other benefit, that's a motive and you should look at that. I tell you to look at those reasons, those motivations and look at them hard.... Vol. 23, page 82.

During the argument she correctly stated the issue for decision as to Hames:

> You have heard Hames' claim that he was acting as an informant. And the truth of the matter is, if you think he was acting as an informant, if you believe the government has not proved beyond a reasonable doubt that he did not have a reasonable belief that he was acting as an informant, then you can't convict him. Vol. 23, page 91.

Again in rebuttal, the problems with David Brown as a credible witness were pointed up by the prosecution:

I don't hold David Brown up to you as a model for your children. You don't want your children to grow up to be David Brown. In fact, you may want to hold him up as a model but it's of what maybe not to be as opposed to what to be. Vol. 23, page 128.

Brown's economic involvement with the success of the Government in this prosecution was spelled out in detail in the facts. There is no doubt whatsoever that the jury was well aware that the testimony of David Brown was to be viewed with caution. That is the only function of a special instruction.

### 2. Hames: Due Process Claim

■ Hames contends that police misconduct and the Government's involvement in his crimes constitute outrageous conduct warranting reversal. The contingency fee agreement, the release of certain drugs to unauthorized persons, and the Texas officers' improper and illegal actions, which did not relate to the activities of Hames and Williams, do not rise to the level of a due process violation. *United States v. Savage*, 701 F.2d 867, 869 (11th Cir.1983).

### 3. Hames: Sentence

We affirm the district court's enhancement of Hames' sentence due to his manager/supervisor status. We review the district court's sentencing decisions for clear error and find none. *United States v. Carrillo*, 888 F.2d 117, 118 (11th Cir.1989). Hames played an active role in organizing the offense and his sentence was properly enhanced accordingly.

Contrary to Hames' argument, the Sentencing Commission did not overstep its bounds in promulgating Sentencing Guideline § 2J1.7. Section 2J1.7 calls for a three level enhancement if the defendant commits a federal offense while on release. 18 U.S.C. § 3147 authorizes the Commission to provide for enhancement for crimes committed while on release pursuant to the Bail Reform Act.

### *WILLIAMS*

Richard Williams appeals the admission by transcript of certain of his testimony from his first trial in this third trial and the sufficiency of the evidence for conviction. We affirm his conviction.

### 1. Williams: Prior Trial Testimony

■ Williams testified at his first trial, but not at this trial. The Government here read before the jury a transcript of Williams' prior testimony. The court properly ruled, as Williams now concedes, that generally statements made under oath in a prior trial by a criminal defendant who then waived his constitutional right are admissible in a subsequent trial. *Harrison v. United States*, 392 U.S. 219, 223, 88 S.Ct. 2008, 2010, 20 L.Ed.2d 1047 (1968); *United States v. Baker*, 850 F.2d 1365, 1370 (9th Cir.1988). On this appeal, however, Williams argues that the testimony regarding prior travels violated Federal Rules of Evidence 403 and 404, which prohibit the use of testimony if its probative value is substantially outweighed by the danger of unfair prejudice, or it is used to demonstrate conformity with a bad character.

■ Williams points out that his travels were not shown to be anything but innocent, there is no showing that the financing of these trips was done by anyone involved in crime, and there is no evidence that the travel was in any way connected with illegal activity. The evidence did show that Williams' travels were for the purpose of looking for ways to make money, an economic motive for his involvement in the drug deal. As such, the admission of the evidence was probably not an abuse of discretion, and in any event, any error would be harmless. *See United States v. Saget*, 991 F.2d 702, 709 (11th Cir.), *cert. denied sub nom. Johnson v. United States*, ___ U.S. ___, 114 S.Ct. 396, 126 L.Ed.2d 344 (1993). This case is unlike *United States v. Afjehei*, 869 F.2d 670 (2d Cir.1989), where a conviction was reversed because prior travel evidence was used to support the Government's explicit suggestion that Afjehei's travels must have been part of an ongoing drug enterprise. The record in this case, both during the trial and during closing argument, shows no such improper use of this testimony. There was no suggestion here that Williams' travels were part of an ongoing drug enterprise.

### 2. Williams: Sufficiency of Evidence

 Viewed in the light most favorable to the jury verdict, there is sufficient evidence to support Williams' conviction. *United States v. Eley,* 723 F.2d 1522, 1525 (11th Cir.1984). Williams was at the house where two tons of marijuana were delivered, he helped to unload the drugs, and moved them about the basement. There was testimony that Williams was actively involved in the delivery of marijuana.

### GOVERNMENT'S CROSS-APPEAL

### 3. Williams: Enhancement of Sentence

 At Williams' sentencing, the Government pointed out a prior conviction for the purposes of enhancement. The district court refused to consider the prior conviction because the Government did not refile the sentencing information prior to the trial for which Williams was being sentenced. The Government appealed this decision. We reverse and hold that once the information was filed, it was not necessary that it be refiled for each consecutive trial in the same court.

21 U.S.C.A. § 851 provides for the proceeding to establish prior convictions for sentencing purposes. "No person who stands convicted under (this drug abuse section) shall be sentenced to increased punishment by reason of ... prior convictions, unless before trial ... the United States attorney files an information with the court (and serves a copy of such information on the person or the counsel for the person) stating in writing the previous convictions to be relied upon."

 There are two purposes for this provision and the subsequent proceedings set forth in section 851. The *first* is to allow the defendant to contest the accuracy of the information. The *second* is to allow defendant to have ample time to determine whether to enter a plea or go to trial and plan his trial strategy with full knowledge of the consequences of a potential guilty verdict. *United States v. Johnson,* 944 F.2d 396 (8th Cir.), *cert. denied,* 502 U.S. 1008, 112 S.Ct. 646, 116 L.Ed.2d 663 (1991).

Clearly the information was filed "before trial." Item 97 of some 200 items in Volume 1 of 26 of the Record on Appeal, noted on page 5 of a 16-page docket sheet for this case, is a notice pursuant to section 851 which states that the Government will seek enhancement of defendant Williams' sentence based on a described drug conviction in a state court in Florida. This first volume documents all of the proceedings in Williams' case from indictment through the reversal of the first trial, the mistrial of the second, the third trial, and to the notice of this appeal.

Had not two trials intervened between the filing and this trial, the mandate of the statute unarguably would have been met. The defendant through the same attorney addressed this conviction at the first sentencing, when it was used for enhancement.

There seems to be no suggestion that the information can be filed too early. All of the cases raising an issue about the time of filing involve whether the information was filed soon enough, *i.e.* before jury selection, before jury impanelment, after the trial had begun, and so forth. Or about the refinements of service and whether technical omissions in connection with service or filing can be overcome by the knowledge of the defendant and his attorney. Those cases are irrelevant and need not be listed here.

There are no such questions here. The same attorney represented Williams at all three trials, knew that the information had been filed, knew about the prior conviction, which was admitted, and had addressed that prior conviction at the sentencing in the first trial. The defendant knew the effect of such enhancement and knew the consequences of a guilty verdict, having been sentenced to 264 months with the use of this prior conviction for enhancement.

The question is whether the information was filed too long before trial, or whether the information must be filed for each trial and retrial. There seems to be no support in the statute, in the cases, or in reason for such a requirement. The established purposes of the filing and service are fully met upon the first filing and service, at least where the case involves the same attorneys, the same court, and the same indictment. The fact that there were different sentencing judges

should make no difference. The court records clearly showed that a properly prepared information had been filed "before trial."

Accordingly, we vacate the sentence of Williams and remand to the district court for resentencing.

REVERSED IN PART, AFFIRMED IN PART, VACATED IN PART, AND REMANDED.