OPINION
Appellant Roy Price, Jr. is appealing his conviction, in the Richland County Court of Common Pleas, of one count of aggravated trafficking, in an amount equal to or exceeding the bulk amount, with a prior conviction specification in violation of R.C.2925.03(A)(5). The following facts give rise to this appeal.
This case began when the trial court sentenced the confidential informant, Ricky Justice, to thirty days in jail, for contempt of court, for failing to pay child support. After serving approximately sixteen days of his jail sentence, Justice called the Chief of Police of Crestline and informed him that he wanted to report someone involved in drugs in exchange for early release from jail. The police were interested in suspected drug dealer Kevin Thomas. Appellant told Chief Smith and Lieutenant James Goldsmith, of the Mansfield Police Department, that he had worked with Kevin Thomas and had built a hidden room on a shed he built for Thomas.
Ricky Justice was not able to purchase drugs from Thomas. However, in exchange for this information, Justice received money and an early release from jail. Ricky Justice knew appellant for over ten years. Justice owned a tow truck and appellant hired him from time to time to haul vehicles to his repair shop. On February 15, 1996, Ricky Justice telephoned appellant at the repair shop. Several days prior to this telephone call, Ricky Justice met with appellant and expressed an interest in selling drugs. Appellant was to front Ricky Justice with an ounce of cocaine for $1,000. Ricky Justice informed Chief Smith of this agreement. Ricky Justice had a micro cassette recorder to record the transaction.
Upon arriving at appellant's garage, appellant informed Ricky Justice that the drugs could not be fronted and Justice would have to come up with $12,000. Ricky Justice told appellant he would go to the bank and return with the money. The micro cassette recording and the police recordings of these conversations are both unclear. Ricky Justice left appellant's repair shop and went to the police station. The police gave appellant money to purchase the drugs from appellant. Justice subsequently returned to the repair shop.
After arriving at the repair shop, Ricky Justice and a third-party emerged from the repair shop and got into Justice's tow truck and left the business. The men drove to an apartment building. The third-party entered the apartment building and returned a short time later. Ricky Justice towed a vehicle back to appellant's garage. Appellant went outside to talk to Ricky Justice. This conversation, on the tapes, is inaudible.
As a result of this transaction, the Richland County Grand Jury indicted appellant and a co-defendant, Durad Keith, for aiding and abetting in aggravated trafficking in an amount equal to or exceeding bulk amount but less than three times bulk amount. The trial of this matter commenced on May 22, 1997. Prior to the trial court instructing the jury, appellant requested defense counsel to charge the jury on the credibility of a paid informant and/or an informant who testifies in exchange for release from jail. Defense counsel provided the trial court with a copy of the requested jury instruction. The trial court denied appellant's request. Following deliberations, the jury returned a verdict finding appellant guilty as charged in the indictment.
Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. APPELLANT WAS DEPRIVED OF HIS RIGHTS TO A FAIR TRIAL AND DUE PROCESS OF LAW BY THE TRIAL COURT'S REFUSAL TO INSTRUCT THE JURY CONCERNING THE CREDIBILITY OF A PAID INFORMANT AND/OR AN INFORMANT WHO TESTIFIES IN EXCHANGE FOR RELEASE FROM JAIL WHEN THE INFORMANT'S TESTIMONY WAS UNCORROBORATED IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 II. APPELLANT WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL BY THE TRIAL COURT'S FAILURE TO RECOGNIZE IS (SIC) RIGHT TO ELECT TO BE SENTENCED IN ACCORDANCE WITH THE LAW IN EFFECT ON THE DAY HE WAS SENTENCED IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 I
Appellant contends, in his first assignment of error, that the trial court erred when it failed to instruct the jury regarding the credibility of a paid informant and/or an informant who testifies in exchange for release from jail. We agree.
Pursuant to Crim.R. 30(A), defense counsel requested a jury instruction concerning the credibility of Ricky Justice, who testified in exchange for release from jail, since no audible tape recordings were available and the state's case was based on Justice's testimony. Tr. Vol. II at 307-308. Defense counsel provided the trial court with a written copy of the requested instruction which was from a federal jury instruction manual. The trial court refused to give the requested instruction and instead gave the general instruction concerning witness credibility. Tr. Vol. II at 307, 344-346.
We find, under the facts of this case, the trial court should have given the requested instruction concerning the credibility of an informant. In support of this conclusion, we rely upon federal court cases. In United States v. Garcia (C.A. 5, 1976),528 F.2d 580, 587-588, certiorari denied (1976), 429 U.S. 898,97 S.Ct. 262, 50 L.Ed.2d 182, the Fifth Circuit Court of Appeals explained that a defendant is entitled to a special jury instruction on the credibility of an informant if the defendant requests it and the testimony implicating the accused is elicited solely from the informer. The purpose behind such a policy is to ensure that no verdict based solely on the uncorroborated testimony of a witness who may have good reason to lie is too lightly reached. UnitedStates v. Williams (C.A. 11, 1995), 59 F.3d 1180, 1182.
The following facts support our conclusion that the requested instruction should have been given to the jury. First, after serving sixteen days of his thirty day jail sentence, Ricky Justice contacted the Chief of Police of Crestline and told him he wanted to turn someone in so he could get out of jail. Tr. Vol. II at 246. Justice provided information regarding Kevin Thomas and Bart Kegley, however, he did not provide any information regarding the appellant. Tr. Vol. II at 246-247, 249-251. Clearly, Ricky Justice had his own motive for providing this information to the police.
The second factor that supports our conclusion is the fact that Justice's testimony was the primary evidence against appellant and the testimony is not corroborated by any other evidence. Following his release from jail, Justice telephoned appellant. This conversation was not witnesses by the police nor recorded. Tr. Vol. II at 252. Further, the actual deal itself was not recorded because the tape ran out. Tr. Vol. II at 214, 234, 254, 264. Also, the radio transmission monitored by the back-up officers was of no better quality than the tape recordings. Tr. Vol. II at 281. Justice even admitted, at trial, that he could not hear a drug deal with appellant, on the tape, and that he did not recall what was actually said. Tr. Vol. II at 232.
The third factor we have considered is the fact that, prior to the exchange of drugs, Justice left the garage in the company of a third person, in order to tow a vehicle. Tr. Vol. I at 113-114. The third-party entered a residence and returned a short time later. Tr. Vol. I at 113-114. The surveillance officers did not actually observe the informant during this time period. Tr. Vol. I at 113-114, 136-137, 139, 147, 155-156. Upon returning to the garage, appellant approached Justice's truck and the conversation between the two men was not recorded.
Based upon the above facts, we find the trial court should have instructed the jury concerning the credibility of an informant.
Appellant's first assignment of error is sustained.
 II
Appellant contends, in his second assignment of error, that he should have been permitted to elect to be sentenced pursuant to the law in effect on the day he was sentenced. We agree.
In the case of State v. Rush (July 7, 1997), Stark App. No. 96CA419, unreported, we held that neither Senate Bill 2 nor Senate Bill 269 repeals the statutory provisions contained in R.C. 1.58.Id. at 4. We further found there is a conflict between R.C. 1.58
and Senate Bill 2, thereby creating an ambiguity as to the application of the law. Id. Thus, the statutes must be construed strictly against the state and in favor of the defendant. Appellant is therefore entitled to elect to be sentenced in accord with Senate Bill 2.
Appellant's second assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
By: Wise, J., Farmer, P. J., and Gwin, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.