UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

v.

NERIO ERNESTO MENDEZ, a/k/a Nerio
Mendez Parada, a/k/a Neto, a/k/a
Nery Mendez,

        *Defendant-Appellant.*

No. 01-4483

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CR-00-399-A)

Submitted: March 20, 2002

Decided: April 18, 2002

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Frank Salvato, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Morris J. Parker, Jr., Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

### OPINION

PER CURIAM:

Nerio Ernesto Mendez appeals from his conviction and sentence for conspiracy to possess 500 grams or more of cocaine, in violation of 21 U.S.C.A. § 846 (West 1999 & Supp. 2001), and unlawful re-entry into the United States after deportation, in violation of 8 U.S.C.A. § 1326(a) (West 1999 & Supp. 2001). On appeal, Mendez challenges the government's failure to file a new information prior to trial on the superseding indictment, the sufficiency of the evidence to support the amount of drugs attributable to him at sentencing, and the exclusion of trial evidence. For the reasons set forth below, we affirm Mendez's conviction and sentence.

Mendez first claims that because the government failed to refile an information regarding a prior conviction before trial on the superseding indictment, the provisions of 21 U.S.C. § 851 were violated. We review this claim for plain error in the face of Mendez's failure to object in the district court. *United States v. Ford*, 88 F.3d 1350, 1355 (4th Cir. 1996).

Prior to Mendez's first trial on the charge of conspiracy to distribute 500 grams or more of cocaine, the same as was charged in the superseding indictment, the government filed a § 851 notice of enhanced sentence, specifically referring to Mendez's 1992 conviction for felony possession of cocaine. The sole changes in the superseding indictment were omission of an overt act referencing Mendez's illegal re-entry into the United States, and inclusion of a forfeiture count.

The government is not required to refile its notice of enhanced sentence after return of a superseding indictment. *United States v. Wright*, 932 F.2d 868, 882 (10th Cir. 1991). Moreover, once filed, an information need not be refiled for each consecutive trial in the same court. *United States v. Williams*, 59 F.3d 1180, 1185 (11th Cir. 1995).

Here, the crime charged in the superseding indictment was not fundamentally changed, and the overt acts relating to the drug transactions in both indictments were identical. In addition, both indictments were charged in the same court and involved the same defense counsel. Mendez was given ample notice that he was subject to an enhanced sentence of 120 months imprisonment if the jury convicted him of conspiracy to distribute 500 grams or more of cocaine. We find without difficulty that the government's failure to refile an information prior to Mendez's second trial did not result in the imposition of a plainly erroneous sentence.

Mendez next challenges the amount of drugs attributable to him at sentencing. A district court's finding regarding the quantity of drugs is factual in nature and will be overturned only if clearly erroneous. *United States v. D'Anjou*, 16 F.3d 604, 614 (4th Cir. 1994). Here, the district court's determination was based on trial evidence, as well as the jury's finding beyond a reasonable doubt that Mendez conspired to distribute 500 grams or more of cocaine. Specifically, the district court based its finding of drug quantity on the evidence of the 387 grams of cocaine seized during controlled purchases involving Mendez, and the testimony of several conspirators who purchased cocaine from and who sold cocaine for Mendez.

Mendez claims that the primary evidence to support the district court's calculation of the drug weight attributable to him beyond the 387 grams was the "completely unreliable" testimony of informants. For example, he cites to the testimony of Jose Gonzalez, whose testimony he claims changed from the first trial to the second trial. He also alleges that the testimony of other informants was speculative as to amounts, and that still others testified that in the past they received money from the police in drug cases in exchange for their cooperation.

Some of the testimony Mendez challenges was corroborated by other evidence. Also, as Mendez himself acknowledges, even the uncorroborated testimony of an accomplice may be sufficient to sustain a conviction. *United States v. Burns*, 990 F.2d 1426, 1439 (4th Cir. 1993). Here, Mendez had ample opportunity to cross-examine all the government's witnesses as to bias and inconsistent statements, as well as put forth his own evidence. The record reflects that he took

complete advantage of this opportunity. Despite Mendez's defense, the jury apparently believed the government's witnesses, having reached a guilty verdict on the offense of conspiracy to distribute 500 grams or more of cocaine. Likewise, the district judge at sentencing found the government's evidence to be credible as to drug weight. This is a finding we will not set aside. *United States v. Sheffer*, 896 F.2d 842, 844 (4th Cir. 1990).

The final issue Mendez raises on appeal is that the district court abused its discretion in excluding evidence of carbon copies of checks the defense sought to introduce by way of the testimony of the person to whom the checks allegedly were made payable. We afford substantial deference to a district court's decision to exclude evidence and will not reverse that decision absent clear abuse of discretion. *United States v. Moore*, 27 F.3d 969, 974 (4th Cir. 1994). In addition, we subject the district court's evidentiary rulings to harmless error review. *United States v. Brooks*, 111 F.3d 365, 371 (4th Cir. 1997).

The check carbons at issue here did not bear the endorsement of the testifying witness and were marked "non-negotiable." The defense sought to introduce the documents in an effort to bolster the testimony of Franklin Parada, the alleged payee, that he cashed and kept the money from the checks, approximately $4,000, in the residence he shared with Mendez. According to the defense theory, the checks would support the contention that the approximately $4,000 in cash found at the house belonged to Parada, and was not drug money belonging to Mendez.

We find that the exclusion of the check carbons by the district court was not an abuse of discretion. First, the check carbons were drawn on the checking account of the payor, who did not testify. Parada had no first-hand knowledge of the check carbons. Moreover, because the district court permitted Parada to testify that he cashed pay checks totaling approximately $4,000 and kept the money at the residence he shared with Mendez, the exclusion of the check carbons did not prevent Mendez from asserting the defense that the approximately $4,000 in cash seized from his house was from a source other than cocaine sales. Finally, given the plethora of evidence of Mendez's guilt, including video and audiotapes of controlled buys of cocaine involving Mendez and his conspirators, as well as the cocaine actually

seized at the time of Mendez's arrest, the exclusion of the evidence of the check carbons did not affect Mendez's substantial rights. *United States v. Brooks*, 111 F.3d at 371.

We therefore affirm Mendez's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*