**UNITED STATES of America**

v.

**Jose SANTOS, Defendant**

**No. CR 03–30036–MAP.**

United States District Court, D. Massachusetts.

April 27, 2005.

---

**164.** D'Agostino's Mem. Supp. Mot. Summ. J. at 14–15.

Vincent A. Bongiorni, Springfield, MA, Cornelius J. Moriarty, II, Moriarty & Wilson, Holyoke, MA, for Jose Santos (1), Defendant.

Thomas J. O'Connor, Jr., U.S. Attorney's Office, Springfield, MA, for USA, Plaintiff.

### MEMORANDUM AND ORDER REGARDING DEFENDANT'S RESPONSE TO GOVERNMENT'S INFORMATION

PONSOR, District Judge.

Defendant stands charged with participation in a conspiracy to possess with intent to distribute, and to distribute, more than 50 grams of cocaine base in the form of crack. Accordingly, the defendant, if convicted, faces a minimum mandatory term of ten years imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii).

In addition, the government has filed an Information as contemplated by 21 U.S.C. § 851(a)(1), notifying the defendant that it will be relying upon a prior felony conviction of the defendant to increase the minimum mandatory sentence to twenty years. Docket No. 28. Because the impact of this Information upon defendant's sentence is so grave, the statute gives the defendant the right to challenge the constitutionality of the prior conviction "before pronouncement of sentence...." 21 U.S.C. § 851(b).

Before making a final decision as to whether he will offer a plea in this case or go to trial, the defendant wishes to have a hearing on his claim that his prior conviction contains a constitutional infirmity that disqualifies it as a prerequisite to the sentencing enhancement. This request is superficially inconsistent with the language of § 851, which refers to an inquiry by the court occurring "after conviction but before pronouncement of sentence...."

■ The question before the court is whether it has the discretion, at least in unusual circumstances, to permit the defendant to challenge the prerequisite conviction in a hearing *prior* to his plea. For the following reasons, the court has concluded that it does have this discretion in the particular circumstances of this case.

First, some implicit authority suggests that the § 851 proceedings *may* in some circumstances take place before the plea. The Eleventh Circuit in *United States v. Williams*, 59 F.3d 1180 (11th Cir.1995), indicated that one of the reasons to permit the challenge to the prerequisite conviction is to allow the defendant "to determine whether to enter a plea or to go to trial and plan his trial strategy with full knowledge of the consequences of a potential guilty verdict." *Id.* at 1185. This decision assumes that, while the statute establishes the normal procedure governing a hearing under § 851 as taking place subsequent to conviction, nothing in the statute absolutely prohibits conducting the hearing before a plea.

■ Second, the court possesses discretion to manage its docket in a manner which is as efficient and rational as possible. In this case, the evidence against the defendant is particularly strong. He is alleged to have made the sale of the crack cocaine to an undercover narcotics officer. His counsel has stated, while making no promises, that it is quite likely that his client will offer a plea if it should emerge from a hearing that his prior conviction's constitutional infirmity disqualifies it as a sentencing enhancer. If the defendant is required to plead guilty first, an 851 hearing will be inevitable, and the court will have two proceedings to preside over. If the 851 hearing occurs first, and results in a decision that the prior conviction is unavailable to enhance the sentence, it is likely that the court will have only one proceeding to preside over. Consider-

ations of judicial economy therefore favor this latter approach in this case.

Third, the evidence favoring a constitutional infirmity in this case is more than minimal. Defendant will offer evidence that his state conviction was obtained through seizures that violated the Fourth Amendment, that his counsel failed to subpoena an essential witness, and that he only offered his plea of guilty upon assurances from the state district court judge that he would receive a probationary sentence.

In sum, since the mechanism proposed by the defendant is not explicitly prohibited by the statute, since it is consistent with the court's rational management of its docket, and since the evidence the defendant proposes to offer is not insubstantial, the court will, in this unusual circumstance, allow the § 851 hearing to precede the plea. The clerk will contact counsel with a date and time for the hearing, setting aside no more than four hours.

It is So Ordered.