In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-3607

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CORTEZ COOPER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 CR 1078—**Blanche M. Manning**, *Judge.*

ARGUED JUNE 1, 2006—DECIDED AUGUST 23, 2006

Before FLAUM, *Chief Judge,* and MANION and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Cortez Cooper appeals his sentence after conviction for four offenses related to his participation in a conspiracy to distribute cocaine and cocaine base. In 2003, Cooper pled guilty to two counts of possession of cocaine, for which he received a sentence, enhanced on the basis on his prior narcotics conviction, of 120 months' imprisonment. This plea represented only a part of the conduct charged in the indictment, and the Government continued to pursue its prosecution of the rest of the indictment. In 2004, Cooper was convicted by a jury on four additional cocaine-related counts. After the conviction, the district court imposed a second enhanced

sentence of 240 months to run concurrently with the 120-month sentence that he was already serving. In this appeal, Cooper claims that the district court erred in enhancing his second sentence pursuant to 21 U.S.C. § 851, and in denying his motion for a downward departure on the basis of vindictive prosecution. Because we agree with the district court that Cooper had notice of the Government's motion to enhance his second sentence and that there was no vindictive prosecution, we affirm the district court's ruling on both issues.

## I. BACKGROUND

Cooper was a member of the Black P Stone Nation gang in Chicago and was involved in a conspiracy to distribute cocaine from 1995 to 2001. After a two-year undercover drug investigation, the Government filed a criminal complaint against Cooper and ten co-defendants, including Hugh Rogers, the leader of the conspiracy, in 2001. On December 12, 2001, federal agents arrested Cooper in his apartment, where they recovered a .357 caliber handgun, ammunition for a .22 caliber handgun, 32 grams of crack cocaine, and 111 grams of marijuana.

On February 14, 2002, Cooper entered into a proffer agreement with the Government. With his lawyer present, Cooper provided detailed information concerning his involvement with Hugh Rogers's drug operation. On April 18, 2002, a grand jury returned a 39-count indictment against Cooper and his ten co-defendants. The charges against Cooper included cocaine and cocaine base possession with intent to distribute, in violation of 21 U.S.C. § 841(a), and conspiracy to possess with the intent to distribute, in violation of 21 U.S.C. § 846.

Shortly after the indictment, the Government tendered a plea agreement to Cooper. The agreement required Cooper to plead guilty to both possession with intent to distribute

and conspiracy with the intent to "distribute quantities . . . in excess of 50 grams of cocaine base." In exchange, the Government agreed to move for a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(c), to the higher of either two-thirds of the low end of the applicable Guidelines range or the 10-year statutory minimum sentence. On May 3, 2002, Cooper pled not guilty to all counts in the indictment, but the Government continued to negotiate a possible plea resolution over the next ten months. Cooper ultimately rejected the Government's proposed plea agreement on November 22, 2002.

On March 18, 2003, pursuant to 21 U.S.C. § 851, the Government filed an information to give notice of its intention to seek an enhanced sentence based on Cooper's prior narcotics conviction. An identical information was filed against Cooper's co-defendant Quentin Daniels, the only other defendant who had not pled guilty. Cooper's attorney received a copy of the written notice.

Three weeks after the Government filed its notice of intention to seek an enhanced sentence, Cooper pled guilty, without the benefit of a plea agreement, to only counts Twelve and Thirteen of the indictment, which charged him with possession. He pled not guilty to the conspiracy count. On April 17, 2003, the Government filed a superseding indictment ("first superseding indictment"), which added two counts of using a telephone to facilitate a drug offense to the conspiracy and possession charges. The Government advised Cooper that it was unwilling to withdraw the Section 851 notice and would be seeking a mandatory minimum 20-year enhanced sentence. Cooper pled not guilty to the superseding indictment, and the court set a sentencing date for Counts Twelve and Thirteen of the original indictment.

On January 20, 2004, the district court sentenced Cooper to ten years' imprisonment for Counts Twelve and Thirteen. This was the mandatory minimum for the quantities

involved in Counts Twelve and Thirteen, after the Section 851 enhancement. The mandatory minimum for the quantities involved in the remaining counts was twenty years' imprisonment. The district court did not consider the conspiracy count as relevant conduct at the sentencing. The court scheduled a trial on the conspiracy count and on the other pending counts in the first superseding indictment.

Before trial, on June 17, 2004, the Government filed a second superseding indictment against Cooper, which added one count of possession of a firearm in furtherance of a drug trafficking crime to the distribution and conspiracy counts. On August 9, 2004, Cooper entered a plea of not guilty to the second superseding indictment. Four days later, on August 13, 2004, the jury found Cooper guilty on four counts (including the conspiracy count) and not guilty on two counts. Importantly, the jury found that it was foreseeable that the conspiracy "involved 50 grams or more . . . of cocaine base."

On August 2, 2005, the district court sentenced Cooper to 240 months' imprisonment for his convictions resulting from the second superseding indictment, to run concurrently with his 120-month sentence from the original indictment. Cooper now appeals.

## II. ANALYSIS

### A. Enhancement under 21 U.S.C. § 851

Cooper argues that the Government was required to file a second Section 851 notice prior to the second sentencing in order to subject him to an enhanced penalty. In sentencing appeals, this court reviews the district court's findings of fact for clear error and the legal conclusions *de novo*. *See United States v. Chamness*, 435 F.3d 724, 726 (7th Cir. 2006).

Cooper was indicted under 21 U.S.C. § 841(a), which states that a person who has a prior felony drug offense, "shall be sentenced to a term of imprisonment which *may not be less than 20 years* and not more than life imprisonment" when more than 50 grams of cocaine base are involved. 21 U.S.C. § 841 (b)(1)(A) (emphasis added). A defendant's sentence may not be enhanced based on a prior conviction unless the Government complies with the requirements of 21 U.S.C. § 851, which states:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial or before entry of a plea of guilty, the United States files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

Cooper concedes that the Government complied with the requirements of this section as it pertains to his first sentencing. But he argues that the superseding indictment, the intervening sentencing, and trial required the Government to file a second information before he could be subjected to a second enhanced sentence.

The plain language of the statute does not require the Government to file a second notice in this situation. The statute only requires that the Government file the information "before trial or before entry of a plea of guilty." The Government filed the Section 851 notice on March 18, 2003, which was before Cooper's trial (on August 9, 2004).

The Eighth, Ninth, Tenth, and Eleventh Circuits have all concluded that a second information is not required in situations similar to this one. *See, e.g.*, *United States v. Mayfield*, 418 F.3d 1017, 1020 (9th Cir. 2005) ("filing the information and giving the section 851(a) notice before [the defendant's] first trial obviated any need to refile the

information and regive that notice before his second trial"); *United States v. Kamerud,* 326 F.3d 1008, 1014 (8th Cir. 2003) ("the government is not required to re-file a notice of enhanced sentence under 21 U.S.C. § 851 after the return of the superseding indictment") (citing *United States v. Wright,* 932 F.2d 868, 882 (10th Cir. 1991)); *United States v. Williams,* 59 F.3d 1180, 1185 (11th Cir. 1995) (the government is not required to file a new Section 851 information for multiple trials in the same case). We have not addressed this issue before, but we agree with the circuits that have addressed this issue that, where the Government files a timely Section 851 notice, it is not required to file a second notice after an intervening event, such as a trial or a superseding indictment, in the same case.

Cooper argues that his case differs from the cases cited above in that new charges were added to his superceding indictments. He also argues that his case differs in that he was sentenced twice, whereas the cases above address retrials and superseding indictments. Neither of these distinctions is relevant, however, when viewed in light of the two purposes of the Section 851 notice provision.

The two purposes of the Section 851 notice provision are: (1) to allow the defendant to contest the accuracy of the prior conviction upon which the Government relies, and (2) to ensure the defendant has full knowledge of a potential guilty verdict. *See Williams*, 59 F.3d at 1185 (citing *United States v. Johnson*, 944 F.2d 398 (8th Cir. 1991)); *see also Mayfield*, 418 F.3d at 1020 ("Section 851(a) ensures proper notice so a defendant can challenge the information. It also allows a defendant to make an informed decision about whether or not to plead guilty.") (quoting *United States v. Hamilton*, 208 F.3d 1165, 1168 (9th Cir. 2000)). In *Williams*, the Government filed a Section 851 notice prior to the defendant's first trial, which resulted in a conviction. *See Williams,* 59 F.3d at 1182, 1185. The Eleventh Circuit

vacated the conviction because of an evidentiary error on the part of the district court. After the defendant was convicted in a subsequent trial, the district court concluded that it could not enhance his sentence because the Government had failed to refile a new Section 851 notice. *See Williams,* 59 F.3d at 1182. The Eleventh Circuit reversed, reasoning that requiring a second notice would not serve either of the two purposes outlined above.

In this case, the first purpose of the provision was satisfied because Cooper had an opportunity to contest the accuracy of the prior conviction when the Government filed the Section 851 notice before the first sentencing. If the Government had refiled the Section 851 information prior to the second sentencing, it would have referenced the same prior conviction. Cooper concedes that he had ample time to check the accuracy of the information before the first sentencing and did not dispute its validity.

Cooper was also aware that he could receive an enhanced sentence if he was found guilty. Indeed, Cooper saw that his sentence for counts Twelve and Thirteen of the original indictment had been enhanced from a Guideline range of 70-87 months to the 120-month mandatory minimum with the use of the prior conviction. The Eleventh Circuit in *Williams* considered such knowledge from a prior sentencing in concluding that it was not necessary to file a new Section 851 notice before the subsequent trial. The court reasoned that "[t]he same attorney represented Williams at all three trials, knew that the information had been filed . . . and had addressed that prior conviction at the sentencing in the first trial." *See Williams*, 59 F.3d at 1182. Based on all of these factors, the Eleventh Circuit concluded that "[t]he defendant knew the effect of such enhancement." *Id.* Like the defendant in *Williams*, Cooper was represented by

the same attorney at the first and second sentencing.[1] This attorney received a copy of the Government's Section 851 notice prior to Cooper's April 3, 2003 plea and had informed Cooper of the effect of the enhancement. The same attorney also represented Cooper when he was faced with the decision to either plead guilty or go to trial after the second superseding indictment. Therefore, Cooper had notice of the potential consequences of the enhancement before he made his decision to go to trial.

Given that neither of the purposes of the Section 851 notice would be served by requiring a second information after Cooper's first sentencing, we see no reason to read Section 851 as requiring additional notice here.

## B.  Vindictive prosecution claim

Cooper also argues that the district court failed to recognize that it had the discretion to depart downward from the Sentencing Guidelines and, consequently, did not properly consider the vindictive prosecution claim.

Cooper's claim is based on U.S.S.G. § 5K2.0, which permits a downward departure from the Guidelines in exceptional circumstances. Cooper argues that his case presents an exceptional circumstance because the Government's vindictive prosecution caused it to fall "outside of the heartland of cases contemplated by the Sentencing Commission." The "heartland" has been defined as the "set of typical cases embodying the conduct that each guideline describes." *United States v. Santoyo*, 146 F.3d 519, 525 (7th Cir. 1998) (quoting U.S.S.G. ch. 1, pt. A (4)(b), introductory

---

[1] Cooper was assigned three different attorneys during the four years between his original indictment and his second sentencing, but from the time that the Section 851 notice was filed until the instant appeal, he had the same attorney.

cmt. (1998)). Cooper has not advanced a direct vindictive prosecution claim challenging his conviction's comportment with due process. *See United States v. Jarrett*, 447 F.3d 520, 524-25 (7th Cir. 2006). His claim is limited to his sentence.

As a preliminary matter, it is important to note that "the concept of 'departures' has been rendered obsolete in the post-*Booker* world.*" United States v. Arnaout*, 431 F.3d 994, 1003 (7th Cir. 2005) (citations omitted). Subsequent to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 261 (2005), this court reviews sentences for "reasonableness." *Arnaout*, 431 F.3d at 1003. We continue to use prior departure law as a framework to decide what is reasonable. *See United States v. Castro-Juarez*, 425 F.3d 430, 434-46 (7th Cir. 2005). Therefore, to evaluate reasonableness, "we necessarily must scrutinize, as part of that review, the district court's refusal to depart from the advisory sentencing range." *United States v. Vaughn*, 433 F.3d 917, 924 (7th Cir. 2006).

The issue then, is the reasonableness of Cooper's sentence. Notwithstanding the new sentencing regime under *Booker*, sentencing courts must still comply with the statutory minimum penalty. *See United States v. Duncan*, 413 F.3d 680, 683 (7th Cir. 2005) (citing *United States v. Lee,* 399 F.3d 864, 866 (7th Cir. 2005)).

Because the district court was bound by the statutory minimum of 20 years on the basis of Cooper's prior narcotics conviction, Cooper cannot demonstrate that the sentence was unreasonable. A defendant may only be given a sentence below the statutory minimum where one of two exceptions applies—either the accused substantially assisted the prosecution, *see* 18 U.S.C. § 3553(e), or qualified for the "safety valve" exception in § 3553(f). *See United States v. Rivera*, 411 F.3d 864, 866 (7th Cir. 2005). Neither exception applies and Cooper does not argue otherwise. Since the district court had no authority to give a sentence

below the statutory minimum, it was unnecessary to evaluate the merits of his vindictive prosecution argument.

The district court did, nevertheless, examine the merits of Cooper's vindictive prosecution argument and concluded that he could not prevail on this claim. Prosecution is considered vindictive where it "was pursued in retaliation for the exercise of a protected statutory or constitutional right." *See United States v. Monsoor*, 77 F.3d 1031, 1034 (7th Cir. 1996). For example, where a defendant succeeds in obtaining a reversal on appeal and the Government brings more serious charges, there is a presumption of vindictiveness that the Government must rebut. *See United States v. Goodwin*, 457 U.S. 368, 376 (1982). This presumption of vindictiveness does not apply to pretrial decisions by the prosecution because "[a] prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution." *Id.* at 382.

To create reasonable doubt regarding prosecutorial motivations before trial, the defendant "must affirmatively show through objective evidence that the prosecutorial conduct at issue was motivated by some form of prosecutorial animus, such as a personal stake in the outcome of the case or an attempt to seek self-vindication." *United States v. Falcon,* 347 F.3d 1000, 1004 (7th Cir. 2003) (citations omitted). Cooper did not offer sufficient evidence of prosecutorial animus to meet this burden. He primarily relied on the Government's filing of the Section 851 enhancement during the time that it was trying to convince Cooper to plead guilty. There is nothing particularly suspicious in the timing of this action. But even if there were, we held in *Falcon* that "evidence of suspicious timing alone does not indicate prosecutorial animus." *Falcon,* 347 F.3d at 1005 (citing *United States v. Bullis*, 77 F.3d 1553, 1559 (7th Cir. 1996)). Moreover, that the Government contemporaneously filed a Section 851 notice of enhancement against Cooper's

co-defendant, Quentin Daniels, rebuts suspicion that the Government was acting with personal animus against Cooper.

The only other evidence of prosecutorial animus offered by Cooper is the addition of the telephone use and gun charges to the superceding indictments. This was well within the range of appropriate, pre-trial, prosecutorial discretion. Cooper has offered no evidence suggesting an improper motive in the addition of these charges. Therefore, the district court did not err in concluding that Cooper could not prevail on his vindictive prosecution claim. Cooper has failed to demonstrate any error in his sentencing.

## III.  CONCLUSION

The judgment of the district court is AFFIRMED.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*