**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4098**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERNEST MORDEAU DEAS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., District Judge.  (8:05-cr-00524-HMH)

———————

Submitted:  July 9, 2007          Decided:  January 29, 2008

———————

Before WILKINSON, KING, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

C. Rauch Wise, Greenwood, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Regan A. Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Ernest Mordeau Deas on one count of conspiracy to possess with intent to distribute five kilograms or more of powder cocaine, in violation of 21 U.S.C. § 846 (2000), and possession with intent to distribute five kilograms or more of powder cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2000). Prior to trial, the Government filed an information pursuant to 21 U.S.C. § 851 (2000), notifying Deas that it intended to seek an enhanced sentence because of Deas' prior convictions for drug offenses. The § 851 information enumerated three prior drug convictions: a conviction for possession with intent to distribute marijuana ("marijuana conviction") and two convictions for possession of cocaine ("cocaine convictions"). The § 851 information noted the date of arrest, the date of conviction, and the sentence imposed for each conviction. However, the § 851 information did not detail the statutory provisions Deas violated or the maximum penalties applicable to those sections, nor did it explicitly state that any of the convictions were for felony offenses. Deas neither filed a written objection to the § 851 information nor denied having been convicted of any of the enumerated offenses.

At sentencing, Deas argued that neither cocaine conviction qualified as prior felony drug offenses as required to support an enhanced sentence. The district court agreed, reducing

Deas' sentencing range from mandatory life imprisonment to twenty years to life in prison.  The district court ultimately sentenced Deas to 240 months' imprisonment on each count, to run concurrently.

On appeal, Deas first argues that he is not subject to the enhanced penalty for a prior felony conviction because the Government never established that the marijuana conviction was for a felony drug offense.  Because Deas raises this argument for the first time on appeal, we review for plain error.  United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005); United States v. Martinez, 277 F.3d 517, 524 (4th Cir. 2002).  Under the plain error standard, Deas must show:  (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights.  United States v. Olano, 507 U.S. 725, 732-34 (1993).

In relevant part, § 851(a)(1) states:

> No person . . . shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1) (2000).

The purpose of § 851 is to provide notice to a defendant, prior to trial, that he faces an increased punishment if convicted of a qualifying offense such that the defendant has the opportunity to contest the accuracy of the information and to allow the defense

sufficient time to understand the full consequences of a guilty plea or verdict. United States v. King, 127 F.3d 483, 489 (6th Cir. 1997); United States v. Williams, 59 F.3d 1180, 1185 (11th Cir. 1995); United States v. Steen, 55 F.3d 1022, 1026 (5th Cir. 1995); United States v. Campbell, 980 F.2d 245, 252 (4th Cir. 1992). The § 851 notice must contain sufficient information to enable the defendant to identify the prior conviction upon which the enhancement is based and to make an informed decision regarding whether to challenge the information. United States v. Severino, 316 F.3d 939, 943 (9th Cir. 2003); United States v. Layne, 192 F.3d 556, 576 (6th Cir. 1999).

The § 851 information stated that Deas' prior drug offense was a March 4, 1994 conviction for possession with intent to distribute marijuana.[1] Although the § 851 information did not explicitly identify this offense as a felony or provide the statutory provision involved, it did set forth the date of the arrest, the date of conviction, and the sentence imposed.[2] The record supports Deas' assertion that the Government did not present any evidence at sentencing to establish that the marijuana

---

[1]Although the information listed three predicate convictions, because the district court did not count either of the cocaine convictions and the Government does not cross-appeal on this issue, we limit our review to the district court's consideration of the marijuana conviction.

[2]The presentence report prepared by the probation officer provided additional information regarding this conviction, including the court of conviction and the docket number.

conviction was a prior "felony drug conviction" within the applicable statutory definitions and that Deas never conceded this was a felony offense.

We have reviewed the record and conclude Deas fails to establish that the district court committed plain error in finding the marijuana conviction supported the enhanced punishment. Deas' comments at sentencing were not sufficient to draw the court's attention to the argument Deas now advances on appeal: that the Government did not meet its burden of proof in establishing that the marijuana conviction qualified as a prior felony drug conviction. Nowhere in the record or in his pleadings does Deas assert that the marijuana conviction was not a felony; moreover, Deas presented no evidence below, and similarly fails to provide any on appeal, to demonstrate that the marijuana conviction was anything other than a felony. Accordingly, we reject Deas' assertion that the district court committed plain error in finding the marijuana conviction qualified as a predicate offense.

Deas next challenges the district court's failure to comply with the requirements of § 851(b). This provision states:

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b) (2000). However, the district court failed to conduct such a colloquy in this case.

In United States v. Ellis, 326 F.3d 593 (4th Cir. 2003), the defendant challenged the district court's failure to conduct the § 851(b) colloquy. The Government notified the defendant that it was seeking an enhanced sentence based on prior convictions. Id. at 596. The presentence report, which was compiled prior to sentencing, again advised the defendant of the aggravating effect of the prior convictions; yet, the defendant did not object to that portion of the PSR. Id. at 599. The defendant acknowledged the aggravating effect of the prior convictions at the sentencing hearing. Id.. We concluded that the district court's failure to comply with the notification requirement of § 851(b) was plain error. Id. Nonetheless, we held that because the defendant apparently was on notice of the enhancement and failed to object to it, the error did not affect his substantial rights. Id. (applying plain error analysis).

Similarly, in this case, the § 851 information adequately notified Deas of the prior drug offense upon which the Government sought to enhance his sentence, but he did not formally object to it. The prior drug offense was also included in the presentence report ("PSR"), both in the convictions section and in the discussion of Deas' criminal history, yet Deas raised no objection to the PSR. Finally, the court made clear at sentencing that Deas

faced a mandatory minimum sentence and gave Deas an opportunity to address the court before pronouncing sentence. Although Deas did question whether either of the cocaine convictions should be counted as predicate offenses in support of a mandatory life sentence, he did not expressly contend that the marijuana conviction was not a felony drug conviction. Because it is clear from the record that Deas would not have challenged his prior conviction even if the district court had conducted the § 851 colloquy, we find that the district court's failure to comply with the § 851(b) requirements did not affect Deas' substantial rights.

For the foregoing reasons, we affirm Deas' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED