**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4948**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

        v.

ROBIN ANN BUNCH,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Louise W. Flanagan,
Chief District Judge.   (5:09-cr-00076-FL-1)

Submitted:  September 21, 2010      Decided:  September 29, 2010

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

James B. Craven III, Durham, North Carolina, for Appellant.
George E. B. Holding, United States Attorney, Anne M. Hayes,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robin Ann Bunch appeals the district court's imposition of a 120-month sentence and $6000 fine following her guilty plea, pursuant to a written plea agreement, to possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). On appeal, Bunch claims that the district court abused its discretion in imposing a fine and argues that the 21 U.S.C. § 851 (2006) information of prior conviction used to enhance her sentence is invalid. The Government seeks enforcement of the appellate waiver in the plea agreement to preclude Bunch's challenge to the fine. Finding no reversible error, we affirm Bunch's 120-month sentence; we dismiss Bunch's appeal of her fine.

We review a defendant's waiver of appellate rights de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive [her] right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks and citation omitted); United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). Generally, if the district court fully questions the defendant about the waiver during the plea colloquy, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). We will enforce a

2

valid waiver so long as "the issue being appealed is within the scope of the waiver." Blick, 408 F.3d at 168.

Our review of the record leads us to conclude that Bunch's waiver was knowing and voluntary and that her challenge to the fine falls within the scope of the waiver provision. Because Bunch's claim is barred by the appellate waiver provision, we dismiss this portion of the appeal.

Bunch also argues that the § 851 information used to enhance her sentence is invalid because it was filed after the criminal information but before the indictment. She contends that she had not "waive[d] prosecution by indictment" under Fed. R. Crim. P. 7(b), at the time the Government filed the § 851 information and, thus, that there was no charging document to which the § 851 information would apply. Because the Government does not rely on the appellate waiver provision with respect to this issue, we decline to sua sponte enforce the waiver. See Blick, 408 F.3d at 168.

A person is not subject to an enhanced punishment based on prior convictions "unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1). The purposes of the § 851 information are to give

3

the defendant notice and opportunity to object to the accuracy of the information and to give her sufficient time to understand the consequences of pleading guilty or going to trial. United States v. Williams, 59 F.3d 1180, 1185 (11th Cir. 1995).

Although Bunch contends that the Government should have refiled the § 851 information after the grand jury indicted her in order for the information to be valid, we conclude that it need not do so. See United States v. Dickerson, 514 F.3d 60, 64 n.3 (1st Cir. 2008) (stating that government not required to refile § 851 information after filing superseding indictment and collecting cases adopting rule). Here, the Government followed the plain language of § 851 and filed the information before Bunch entered her guilty plea. See United States v. Cooper, 461 F.3d 850, 853-54 (7th Cir. 2006). Moreover, the information clearly met the purposes of § 851. See Williams, 59 F.3d at 1185.

Accordingly, we affirm Bunch's 120-month sentence and dismiss the appeal of the fine. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4