NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 23, 2013
Decided January 24, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

Nos. 12-1325, 12-1357 & 12-1396

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 11-CR-93-BBC |
| JORGE LOPEZ-ONTIVEROS, et al., | |
| *Defendants-Appellants.* | Barbara B. Crabb, |
| | *Judge.* |

**ORDER**

Abraham Ramirez and brothers Jorge and Moises Lopez-Ontiveros pleaded guilty to conspiring to manufacture, to possess with intent to distribute, and to distribute more than 1,000 marijuana plants. *See* 21 U.S.C. §§ 846, 841(a)(1). All three filed notices of appeal, and we consolidated their appeals for briefing and disposition. Their appointed attorneys now assert that the appeals are frivolous and move to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We invited the defendants to respond, *see* CIR. R. 51(b), but received only a letter signed by a man purporting to speak for Ramirez. We will not consider this nonlawyer's filing because litigants in federal court must represent themselves or retain licensed counsel. 28 U.S.C. § 1654; *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010); *see also United States v. Taylor*, 569 F.2d 448, 451 (7th Cir. 1978). We therefore limit our review to the

potential issues identified in the attorneys' facially adequate briefs. *United States v. Aslan*, 644 F.3d 526, 531 (7th Cir. 2011).

Law enforcement officers discovered Ramirez and the Lopez-Ontiveros brothers growing marijuana in the Chequamegon National Forest in Wisconsin's Northwoods. Fertilizer and camping supplies, along with loaded semi-automatic rifles and pistols, were also found at the site. Investigations revealed that the three defendants and several others had been paid to live together in the forest to cultivate and harvest the marijuana and to protect the plants from thieves.

In exchange for their guilty pleas, the government dropped charges that the defendants possessed firearms during the marijuana conspiracy. *See* 18 U.S.C. § 924(c)(1)(A)(i). The district court sentenced all three defendants to the ten-year statutory minimum for the marijuana count. *See* 21 U.S.C. § 841(b)(1)(A).

The attorneys do not indicate whether they have spoken with their clients about challenging their pleas. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Still, these omissions do not require denial of the *Anders* motions. The briefs and transcripts of the plea colloquies show that the district court accepted the pleas after substantially complying with the requirements of Federal Rule of Criminal Procedure 11. *See Konczak*, 683 F.3d at 349; *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003). The district court explained to all three defendants the rights they would relinquish by pleading guilty, warned them of the consequences of their pleas, ensured the pleas were voluntary, and determined that factual bases for the pleas existed. *See* FED. R. CRIM. P. 11(b). On the present record, it would be frivolous for any of the defendants to challenge the voluntariness of his plea. *See Konczak*, 683 F.3d at 349.

All three *Anders* briefs address whether the defendants' sentences could be challenged as unreasonable. Each attorney concludes that such a challenge would be frivolous. We agree, because the defendants' sentences were the lowest permitted by statute; any argument that the sentences were not reasonable would be frivolous. *See United States v. Cooper*, 461 F.3d 850, 856 (7th Cir. 2006); *see also United States v. Johnson*, 580 F.3d 666, 673 (7th Cir. 2009).

We **GRANT** the motions to withdraw and **DISMISS** the appeals.