NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 22, 2007
Decided March 1, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-3170

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 05 CR 30077 |
| JAMES STEVENS, *Defendant-Appellant.* | **Jeanne E. Scott**, *Judge.* |

### O R D E R

James Stevens pleaded guilty to one count of conspiracy to manufacture methamphetamine, 21 U.S.C. §§ 841(a)(1), 846. The district court sentenced him to 72 months' imprisonment, a sentence significantly below the advisory guidelines range. On appeal, Stevens argues that his sentence was nonetheless unreasonably high. Because Stevens's sentence was reasonable, we affirm.

In March 2004 Stevens and a coconspirator purchased over 255 packages of pseudoephedrine, containing 6334 tablets, to make methamphetamine. Then they drove to a fertilizer plant to steal anhydrous ammonia. However, their plans were foiled when two police officers spotted their unoccupied car near the plant, with the packages of pseudoephedrine in plain view. The officers searched the unlocked car

and discovered a wallet containing a driver's license and credit cards belonging to Stevens. The police arrested Stevens a few months later, charging him with conspiracy to manufacture methamphetamine. In January 2006 Stevens pleaded guilty to the charge without a plea agreement.

Both the government and Stevens disagreed with the sentence recommended in his PSR. Stevens's PSR calculated a base offense level of 34, based on the marijuana equivalent of pseudoephedrine by weight, U.S.S.G. § 2D1.1; a three-level reduction for acceptance of responsibility; and a criminal history category of II, based on two misdemeanor drug offenses. This led to an advisory sentencing range of 121 to 151 months' imprisonment. At sentencing, the government recommended a sentence 40% lower than the bottom of the sentencing range, or 72 months. The government explained that it sought this unusually large reduction because Stevens had provided substantial assistance to the government throughout its prosecution of the cases against him, his coconspirator, and other drug suppliers, U.S.S.G. § 5K1.1. But Stevens argued that his sentence should be reduced further because a 72-month sentence overstated his actual culpability. He asserted that he is not a drug dealer and does not manufacture (or "cook") methamphetamine; his only role in the conspiracy was to drive and obtain the pseudoephedrine and anhydrous ammonia, for which he was to receive $1,500. Stevens also contended that his criminal history score was unduly harsh because he had only two misdemeanor convictions and no felony convictions in his past.

The district court observed that the instant drug offense was "very serious," that Stevens had intended to profit from it, and that earlier punishments for other criminal infractions had not deterred his misconduct, although he had made some efforts to decrease his personal drug use. Accordingly, consistent with the government's recommendation, the district court sentenced Stevens to 72 months' imprisonment and three years' supervised release. The court further ordered Stevens to participate in substance abuse treatment, obtain his G.E.D. either in custody or within twelve months of release, and obtain and maintain employment or participate in a job training program.

On appeal, Stevens acknowledges that his sentence was below the advisory guidelines range, but he argues that his sentence was unreasonable because the district court "improperly rested its sentencing decision on factors that were not unique or personal to" him. Stevens asserts that sentences for drug crimes are based primarily on the quantity of drugs involved and therefore do not take into account each defendant's unique circumstances and role in the offense. *See United States v. Wallace*, 458 F.3d 606, 611 (7th Cir. 2006) (distinguishing between "common and individualized factors" in sentencing). He contends that district courts should not "refuse to impose a below-Guidelines sentence and justify that

decision by relying on attributes applicable to any defendant charged with the same crime."

Stevens's argument is unpersuasive because his guidelines range was calculated properly (he does not contend otherwise) and his below-guidelines sentence was reasonable. A sentence within the properly calculated guidelines range is presumed reasonable. *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Although the Supreme Court has recently granted a writ of certiorari to consider whether according a presumption of reasonableness to a sentence no higher than the guidelines range is consistent with *United States v. Booker*, 543 U.S. 220 (2005), *see United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 127 S. Ct. 551 (U.S. Nov. 3, 2006) (No. 06-5754), the resolution of that question would not affect the conclusion that Stevens was reasonably sentenced. Independent of any presumption of reasonableness, we have noted that "[i]t is hard to conceive of below-range sentences that would be unreasonably high." *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005). This is true for Stevens's sentence at 40% below the low end of his range.

And contrary to Stevens's assertion, the district court did adequately consider factors unique to Stevens and his offense before issuing the sentence, in accordance with 18 U.S.C. § 3553(a). Considering the nature and circumstances of the offense, the district court noted this was a "very serious offense," involving a "terrible drug" which "destroys people's bodies and their minds." Turning to Stevens's own history and characteristics, the court observed that Stevens's criminal history showed a "progression or repeat of problems with drugs related to methamphetamine," including three different offenses within five years. The court also considered Stevens's recent efforts to stop using drugs and to work hard at the small business he owns, as well as his cooperation with the government, but expressed doubt that Stevens would be deterred from future criminal activity by a lighter sentence because he had received leniency in the past. The court identified the need to avoid unwarranted sentencing disparities between defendants with similar records. The court noted that even though Stevens wasn't going to manufacture or sell the drugs, he was still intending to profit from the operation. Finally, the district court considered Stevens's need for educational training and effective treatment, when it ordered him as part of his sentence to obtain his G.E.D., find work, and participate in substance abuse treatment programs.

In his brief and at oral argument, Stevens made the muddled claim that his sentence was within the guidelines range, when in fact it was below the advisory guidelines range. Stevens seems to suggest that the district court's reduction of his sentence from the low end of the guidelines range by 40% effectively reduced his base offense level from 34 to 26, yielding a new advisory sentencing range of

70-87 months.  Stevens perhaps believes that the district court should have "departed" from that "new" guidelines range.  However, we have stated that the concept of "departures" has been rendered obsolete post-*Booker*, *see, e.g., United States v. Spano*, Nos. 06-1562, 06-1585, 06-1604, 2007 WL 401355, at *3 (7th Cir. Feb. 7, 2007); *United States v. Cooper*, 461 F.3d 850, 855 (7th Cir. 2006), and therefore the district court's 40% sentence reduction did not create a lower sentencing range from which there could be a further "departure."  Rather, the court simply sentenced Stevens below the advisory range.

AFFIRMED.