NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 14, 2010
Decided April 14, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-2984

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 05-200046-001 |
| MAURICE TUCKER, *Defendant-Appellant*. | Michael P. McCuskey, *Chief Judge*. |

**O R D E R**

A jury found Maurice Tucker guilty of distributing, and attempting to distribute, crack cocaine. *See* 21 U.S.C. §§ 841(a)(1), 846. The district court sentenced Tucker to a total of 240 months' imprisonment. Tucker appeals his convictions and sentence, but his appointed counsel has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Tucker opposes counsel's motion. *See* CIR. R. 51(b). We review only the potential issues identified by counsel in her facially adequate brief and by Tucker in his response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel considers challenging the sufficiency of the evidence underlying Tucker's convictions but concludes that the evidence is overwhelming. At trial the jury found that Tucker had distributed 5 or more grams of crack on February 22, 2005, and attempted to

distribute 50 or more grams on March 14. An informant, Amy Dunlap, testified that she worked with law-enforcement officers to set up three controlled buys from Tucker in Kankakee, Illinois: She purchased 3.2 grams of crack from him on January 26 and 5.4 grams on February 22, and she arranged to meet him on March 14 for another purchase. Video and audio recordings captured Tucker's sale on February 22, and police overheard his telephone conversations with Dunlap to set up the March 14 sale. Two other government witnesses, James Hill and Dataun Artis, testified that they were together on March 14 when Tucker phoned and asked Hill to deliver two ounces of crack to Dunlap. Hill and Artis picked up the crack at an address provided by Tucker and were on their way to meet Dunlap when police stopped their car. The officers found 12.4 grams of crack in the center console and another 53.1 grams in Hill's waistband.

We would uphold the guilty verdicts if any rational jury could have found the elements of the charged crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Moore*, 572 F.3d 334, 337 (7th Cir. 2009). Counsel considers arguing that Dunlap, Hill, and Artis all lied to obtain reduced sentences, and indeed all of them conceded that they were motivated to cooperate with investigators or prosecutors to gain concessions for themselves or, in Dunlap's case, for her fiancé. But as counsel recognizes, we would not disturb the jury's credibility findings even if the testimony at issue were uncorroborated, *see United States v. Beaver*, 515 F.3d 730, 739 (7th Cir. 2008), and a sufficiency argument would be particularly frivolous in this instance, where recordings and surveillance corroborated the cooperating witnesses.

Counsel also considers whether Tucker could argue that the district court erred in denying his motions to exclude evidence or postpone the trial because of disclosures the government made on the eve of the trial, which began on April 10, 2006. On April 3 the government tendered law-enforcement reports in compliance with the Jencks Act, 18 U.S.C. § 3500, and disclosed as impeachment evidence the prior convictions of Dunlap and Hill, *see Giglio v. United States*, 405 U.S. 150 (1972). On April 6, the government tendered more Jencks material (prior statements of witnesses) and impeachment evidence (Hill's and Artis's cooperation agreements, which had been executed that day). Trial counsel argued that the timing of the disclosures violated Federal Rule of Criminal Procedure 16(a)(1)(E)(i) and (ii), and asked either that the materials be excluded under Rule 16(d)(2)(C) or that the trial be postponed to give Tucker more time to prepare. Appellate counsel recognizes, however, that the government's disclosures were *early*, not tardy. Rule 16 does not compel the government to disclose prior statements by any witness except an expert; nor does the rule require disclosure of impeachment evidence. *See Degen v. United States*, 517 U.S. 820, 825 (1996); *United States v. Underwood*, 174 F.3d 850, 853 (7th Cir. 1999); *United States v. Cerro*, 775 F.2d 908, 915 (7th Cir. 1985). The Jencks Act governs disclosure of witness statements and compels disclosure only after a witness has testified on direct examination. 18 U.S.C.

§ 3500; *United States v. Bagley*, 473 U.S. 667, 670 n.2 (1985); *United States v. Morris*, 957 F.2d 1391, 1400 (7th Cir. 1992). And impeachment evidence need only be disclosed sufficiently in advance of cross-examination for the defendant to make effective use of that information. *See United States v. O'Hara*, 301 F.3d 563, 569 (7th Cir. 2002). Tucker had a week to review fewer than 50 pages of records, including cooperation agreements for Hill and Artis that were executed *the same day* the government made them available to him. Defense counsel effectively used the disputed materials at trial, and any argument that the timing of the disclosures hampered Tucker's defense would be frivolous.

Finally, counsel questions whether Tucker could challenge his prison sentence. The attempted sale on March 14 involved more than 50 grams of crack, and Tucker already had a felony conviction for a drug offense. He thus faced a mandatory term of 20 years, which is what the district court imposed. *See* 21 U.S.C. § 841(b)(1)(A)(iii); *United States v. White*, 519 F.3d 342, 346 (7th Cir. 2008). The only bases for imposing a sentence below a statutory minimum are 18 U.S.C. § 3553(e) and § 3553(f), and, as counsel acknowledges, neither applies to this case. The district court could not have given Tucker a lower sentence. *See United States v. Cooper*, 461 F.3d 850, 856 (7th Cir. 2006).

Tucker himself argues that his indictment fails "to properly state or charge a known federal crime or offense" under 21 U.S.C. § 841(a)(1). Because he did not challenge the indictment in the district court, we would not find it defective unless it is so obviously deficient that it cannot reasonably be construed as charging a crime. *United States v. Castaldi*, 547 F.3d 699, 703 (7th Cir. 2008). The indictment alleges that Tucker distributed and attempted to distribute "a mixture or substance containing cocaine base (crack)," but in Tucker's view, crack cannot be a contained in a "mixture or substance" because it is a finished product, ready for use. This contention is frivolous.

Tucker also argues that his trial counsel was ineffective at sentencing for failing to address a purported recommendation in the presentence investigation report that he be sentenced as a career offender based on a misdemeanor for simple possession of cannabis. *See* U.S.S.G. § 4B1.1. But neither the probation officer nor the district court thought that Tucker was a career offender; he received a longer sentence, mandated by statute, because of the drug quantity and his prior felony drug conviction. Tucker's belief that he was sentenced as a career offender is mistaken.

Accordingly, we GRANT counsel's motion and DISMISS Tucker's appeal.