In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-2132

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GERALD PITTMAN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 CR 741—**Charles P. Kocoras**, *Judge.*

ARGUED JANUARY 11, 2011—DECIDED JUNE 15, 2011

Before EASTERBROOK, *Chief Judge*, and CUDAHY and POSNER, *Circuit Judges*.

CUDAHY, *Circuit Judge*. Gerald Pittman was arrested and indicted on numerous charges of distributing crack cocaine and one charge of unlawful possession of a firearm by a felon. After Pittman pleaded guilty to one of the drug charges and received a sentence that was significantly below that recommended by the Sentencing Guidelines, the government decided to prosecute Pittman on the remaining charges of the indictment. Pittman

ended up pleading guilty to these charges as well, but argued that it would be inappropriate for the district court to increase his sentence because the government's decision to seek conviction on the remaining counts constituted vindictive prosecution. The district court rejected his argument and sentenced him to a significantly longer term of imprisonment. We affirm.

## I. Background

From May to August of 2008, Gerald Pittman participated in several controlled crack cocaine purchases and one controlled gun purchase with an individual who was working undercover with the police. On September 17, 2008, the police arrested Pittman. Shortly after being placed under arrest, Pittman admitted that he had been selling small amounts of crack on a daily basis for several years. He agreed to cooperate with the police and participate in a crack-related sting operation that the police were planning. On September 19, 2008, Pittman broke his deal with the police and ran from the scene of the sting operation with the $2,000 in buy money the government had provided him. The police eventually tracked Pittman down and arrested him. After being arrested, he admitted to fleeing the controlled purchase, spending the buy money and intentionally evading the police.

On February 10, 2009, a federal grand jury returned an indictment charging Pittman with six counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of unlawful possession of a firearm by a

felon in violation of 18 U.S.C. § 922(g)(1). On February 17, 2009, Pittman was arraigned. He pleaded not guilty to all of the counts in the indictment.

On August 4, 2009, Pittman entered a guilty plea for one of the crack distribution counts pursuant to a written plea declaration. At the beginning of the plea colloquy, the district court sought confirmation that Pittman's plea was not entered pursuant to a plea agreement and that Pittman understood that the United States could still choose to prosecute him for the other six charges of the indictment. Pittman stated that he understood that he did not have a plea agreement with the government and that he could be tried on the remaining counts, but that he still wished to plead guilty. When pleading guilty, Pittman admitted not only to the facts underlying one of the distribution counts, but also to the facts underlying all of the other crack distribution counts. He did not admit to the facts underlying the firearm possession count.

On February 23, 2010, the district court held a sentencing hearing regarding the single charge to which Pittman had pleaded guilty. After hearing from both parties, the court sentenced Pittman to ninety-six months of imprisonment, to be followed by six years of supervised release. This sentence constituted a significant downward departure from the term of imprisonment recommended by the Sentencing Guidelines. At the close of the hearing, the government requested a status hearing concerning the remaining six counts of the indictment. The court granted the government's request

and scheduled a meeting for March 3, 2010. At this status hearing, the government notified the defendant and the court that it intended to prosecute Pittman on the six outstanding counts.

On March 29, 2010, Pittman pleaded guilty to all six of the outstanding counts without a written plea agreement. On April 27, 2010, the district court held a sentencing hearing for these counts. At this hearing, Pittman argued that the government's decision to prosecute him on the charges that remained after his initial guilty plea constituted prosecutorial vindictiveness. The court rejected Pittman's argument, finding that he had been warned about what could occur prior to entering his first plea and that it was not illegal for the government to decide to proceed with prosecuting him after the first sentencing hearing. The district court sentenced Pittman to 120 months of imprisonment—the statutory minimum for the most serious charge—on all seven counts of the indictment, with all of the terms to run concurrently. Pittman seeks review of the district court's sentence in accordance with 18 U.S.C. § 3742(a), asking us to find that the government's decision to prosecute him after his initial sentencing constituted vindictive prosecution and to set aside the sentence entered by the district court at the second sentencing hearing.

## II. Discussion

Pittman's sole argument on appeal asserts that the district court committed a reversible error when it rejected his vindictive prosecution claim. When consid-

ering whether a district court erred in this regard, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Jarrett*, 447 F.3d 520, 524 (7th Cir. 2006). We have jurisdiction over Pittman's appeal under 28 U.S.C. § 1291.

In general, this court has considered a defendant's prosecution to be vindictive only if the defendant can show that the prosecution was pursued in retaliation for the defendant's exercise of a legal right. *United States v. Cooper*, 461 F.3d 850, 856 (7th Cir. 2006). A prosecution is vindictive, for example, when a defendant faces enhanced charges on retrial and the prosecutor's decision to enhance the charges is based on the prosecutor's resentment that the defendant successfully appealed his or her original conviction. *United States v. Segal*, 495 F.3d 826, 832-33 (7th Cir. 2007). Vindictive prosecution may also exist when it can be shown that the government's actions were motivated by the prosecutor's "personal stake in the outcome of a case" or his desire to "seek self-vindication" for prior errors that he may have committed in a case. *Jarrett*, 447 F.3d at 525.

We have previously noted that a "pretrial claim of vindictive prosecution is extraordinarily difficult to prove," *Segal*, 495 F.3d at 833, since it requires a defendant to "affirmatively show through objective evidence that the prosecutorial conduct at issue was motivated by some form of prosecutorial animus," *United States v. Falcon*, 347 F.3d 1000, 1004 (7th Cir. 2003). A defendant asserting a claim like Pittman's must convince the court that he would not have been prosecuted but-for

the government's animus. *Jarrett*, 447 F.3d at 525. If a defendant is able to make this evidentiary showing, then the burden shifts to the government, which must prove that the motivation behind the prosecutorial decision was proper. *United States v. Bullis*, 77 F.3d 1553, 1559 (7th Cir. 1996).

Pittman argues that the district court's dismissal of his vindictive prosecution claim was improper, asserting that the timing of the government's decision to prosecute him on the additional counts and the government's statements before the district court constituted sufficient proof of animus. Pittman believes that this evidence established that the government decided to prosecute him on the remaining claims only because the district court entered a below-Guidelines sentence at the initial sentencing hearing. Pittman contends that, because the government's primary motivation in prosecuting him after his initial plea was its desire to see him receive a more severe punishment, the government's actions were motivated by animus for him and his second sentence should be set aside.

Because Pittman's argument strongly resembles one that this court considered in *United States v. Cooper*, 461 F.3d 850 (7th Cir. 2006), our holding in that case informs our resolution of the current appeal. Like Pittman, Cortez Cooper was arrested by the police for committing a number of crimes in the course of dealing drugs. *Id.* at 852-53. Cooper pleaded guilty, without the benefit of a plea agreement, to a subset of the counts set forth in his indictment. *Id.* The district court sentenced him to ten

years of imprisonment in relation to these counts and scheduled a jury trial on the indictment's remaining counts. *Id.* Prior to the start of this trial, the government filed a superseding indictment against Cooper that added a gun possession charge to the previously existing drug possession and conspiracy counts. *Id.* The jury found him guilty on all counts and the district court sentenced him to twenty years of imprisonment, to be served concurrently with the first sentence that the court imposed. *Id.* On appeal, Cooper argued that his conviction was the result of vindictive prosecution and that the timing of the prosecutor's actions proved that the government's actions were motivated by its animus for him. *Id.*

We rejected Cooper's argument, concluding that he had failed to submit evidence sufficient to support his claim. *Id.* at 856. Not only did we find that there was nothing particularly suspicious about the timing of the government's prosecutorial actions, but we held that "even if there were . . . evidence of suspicious timing alone does not indicate prosecutorial animus." *Id.* (citing *Falcon*, 347 F.3d at 1007). Further, we found that the prosecutor's decision to file a superseding indictment containing new charges after Cooper's first sentencing hearing was "well within the range of appropriate, pretrial, prosecutorial discretion," and, absent evidence suggesting an improper motive, such decisions do not provide a basis for a vindictive prosecution claim. *Id.*

Given our ruling in *Cooper*, the district court did not err in rejecting Pittman's vindictive prosecution claim,

since Pittman failed to present the court with objective evidence indicating that prosecutorial animus motivated the government's decision to continue prosecuting him. While Pittman argues that he did, in fact, prove animus, none of the evidence that he points to provides sufficient support for his claim. First, Pittman cannot meet his evidentiary burden by merely relying on the timing of the government's decision to prosecute him on all of the indictment's pending charges, since our precedents clearly state that evidence of timing is insufficient to prove prosecutorial animus. *Id.* at 856; *Falcon*, 347 F.3d at 1007.

Second, the mere fact that the government decided to go forward with prosecuting Pittman does not, in and of itself, indicate that the government's actions were motivated by animus. While it is possible that the government's decision to prosecute was based on some illicit motive, it is also possible that the decision was based merely on a desire to further the legitimate societal interest in imposing an adequate punishment for the crimes involved. The law in this circuit clearly establishes that, absent evidence establishing malfeasance, we are to accord the government's pretrial decisions a presumption of propriety.[1] *Jarrett*, 447 F.3d at 525 (stating

---

[1] We reject Pittman's contention that the government's decision to prosecute him on the remaining counts of the indictment should be entitled to the presumption of vindictiveness that we have accorded defendants who face more serious charges after successfully appealing their original conviction.

(continued...)

that the "courts must begin from a presumption that the government has properly exercised its constitutional responsibilities to enforce the nation's laws"); *see also Banks v. Dretke*, 540 U.S. 668, 696 (2004) (stating that courts are ordinarily to "presume that public officials have properly discharged their official duties").

Finally, the only other pieces of evidence that Pittman discusses in his brief—the transcripts of the district court's status and sentencing hearings—provide no support for his claim of vindictive persecution. Having reviewed these materials ourselves, we cannot find any indication that the decision to continue the prosecution resulted from any of the motivations that we

---

[1] (...continued)
*See, e.g.*, *United States v. Cooper*, 461 F.3d 850, 856 (7th Cir. 2006) (citing *United States v. Goodwin*, 457 U.S. 368, 376 (1982)). First, given that Pittman did not successfully appeal his conviction, it is clear that his claim does not fall within the scope of this exception to the standard burden of proof for vindictive prosecution claims. Second, while the government made its decision to continue prosecuting Pittman after the first sentencing hearing, the remaining counts were still pending at this time and the district court had not yet entered a final judgment on the sentence as to the first count. Hence, the decision whether to prosecute Pittman on the remaining claim may be considered a pretrial decision. *See Cooper*, 461 F.3d at 856 (analyzing a vindictive prosecution claim concerning the government's decision to file a superseding indictment after an initial sentencing hearing under the rubric of pretrial decisions).

have previously identified as improper. There are no indications in the transcripts that the government harbored unjustifiably negative feelings for Pittman or, more importantly, that any such feelings motivated it to prosecute Pittman on all of the charges set forth in the indictment. Nor are there signs that the prosecutor possessed a personal interest in the outcome of this case or sought to rehabilitate her earlier performance.

Perhaps in recognition of the fact that his claim does not fit within our vindictive prosecution jurisprudence, Pittman argues that we should expand our conception of prosecutorial animus to include situations where prosecutorial decisions are motivated by a desire to see defendants sentenced to significant terms of imprisonment.[2] We cannot accept Pittman's invitation. Absent evidence to the contrary, we assume that the government's motivation for punishing criminals is grounded in its pursuit of a number of legitimate state interests: the interest in protecting society from known law-breakers, the interest in deterring other individuals from committing similar crimes, the interest in expressing societal condemnation for those who violate the law, etc. Because of the impersonal nature of these considerations, prosecutorial decisions that are based on them are too principled to be vindictive.

---

[2] The trial transcripts make it clear that the government's goal in continuing to prosecute Pittman was to see him receive a prison sentence greater than the ninety-six month term that the court sentenced him to initially.

While criminal defendants would undoubtedly prefer that we find that the mere potential for prosecutorial discontent is sufficient to undermine the presumptive legitimacy of a prosecutor's decisions, doing so would fundamentally change the burden of proof we have imposed for malicious prosecution claims. Defendants must present evidence establishing that a pretrial prosecutorial decision was based on animus. Where, as here, they fail to meet this burden, it is proper for district courts to dismiss their vindictive prosecution claims.

### III. Conclusion

For these reasons, the sentence imposed by the district court is

AFFIRMED