In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-3026

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

BERNARDINO RIBOTA,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:13-cr-00808-1— **Amy J. St. Eve**, *Judge.*

ARGUED APRIL 13, 2015 — DECIDED JULY 10, 2015

Before WOOD, *Chief Judge*, and ROVNER, *Circuit Judge,* and
SPRINGMANN, *District Judge.*[*]

ROVNER, *Circuit Judge.* In 2002, Bernardino Ribota was
charged with possession of a controlled substance with intent
to distribute and possession of a firearm in furtherance of a
drug trafficking crime, after a search of a residence revealed 25

[*] The Honorable Theresa L. Springmann, United States District Court for
the Northern District of Indiana, sitting by designation.

kilograms of cocaine and two loaded firearms. Ribota was initially detained pending the posting of $50,000 secured bond, but once that bond was posted, on January 7, 2003, the magistrate judge ordered him released subject to an order requiring him to report to Pretrial Services as directed and to confine his travel within the Northern District of Illinois. Ribota did not comply with those restrictions, and on January 30, 2003, a bench warrant was issued after he failed to appear at Pretrial Services as mandated. Ribota eluded the authorities for more than nine years, until he was arrested in Denver, Colorado, in August 2012. A month later, he was arraigned on the 2003 indictment, and in September 2013 he filed a motion in that criminal case seeking to suppress evidence.

By that time, the prosecutor pursuing his criminal case was a different one from the one who had obtained the indictment in 2002. The prosecutor filed a response to the motion to suppress agreeing that the seizure of the challenged evidence had not complied with the Fourth Amendment and the evidence was therefore inadmissible. Accordingly, the court granted the motion to suppress on October 2, 2013, and granted the government's oral motion to dismiss the indictment on November 21, 2013.

The day after the motion to suppress was granted in that criminal case, on October 3, 2013, the government charged Ribota in a two-count indictment with contempt of court in violation of 18 U.S.C. § 401(3), alleging that Ribota willfully violated the court order by failing to report to Pretrial Services and to restrict his travel as required by court order. Ribota then moved to dismiss that indictment arguing that it was unconstitutional because it was based solely on prosecutorial vindic-

tiveness. Ribota argues that the prosecutor filed the new indictment to penalize him for successfully pursuing a motion to suppress in the original criminal case that thwarted the ability of the government to successfully prosecute him in that case. The district court denied the motion, and Ribota appeals that determination.

A prosecution based solely on vindictiveness, such as one to penalize a person for pursuing his legal rights, violates the Due Process Clause of the Constitution. *United States v. Goodwin*, 457 U.S. 368, 372 (1982). In assessing such a claim, however, we are mindful that government prosecutors must necessarily have wide discretion over whether, how, and when to bring a case. *United States v. Jarrett*, 447 F.3d 520, 525 (7th Cir. 2006). The decision whether to prosecute involves consideration of myriad factors such as the enforcement priorities of the office, the determination as to the strength of the case, the prosecutorial resources available, and the prosecution's general deterrence values, and those factors are ill-suited to judicial review. *United States v. Scott*, 631 F.3d 401, 406-07 (7th Cir. 2011). "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *Scott*, 631 F.3d at 406-07. Moreover, because the imposition of punishment is the purpose of a criminal proceeding, the mere existence of a punitive motivation is not an adequate basis of distinguishing proper governmental conduct from impermissible actions. *Goodwin*, 457 U.S. at 372-73.

Therefore, a defendant alleging prosecutorial animus "'must affirmatively show through objective evidence that the prosecutorial conduct at issue was motivated by some form of prosecutorial animus, such as a personal stake in the outcome of the case or an attempt to seek self-vindication.'" *United States v. Falcon*, 347 F.3d 1000, 1004 (7th Cir. 2003) quoting *United States v. Bullis*, 77 F.3d 1553, 1559 (7th Cir. 1996). Courts have recognized limited circumstances presenting an inherent risk of vindictiveness, in which the defendant is entitled to a rebuttable presumption of vindictiveness. *Goodwin*, 457 U.S. at 375; *Williams v. Bartow*, 481 F.3d 492, 502 (7th Cir. 2007); *Bullis*, 77 F.3d at 1559. For instance, where a defendant successfully exercised his right to appeal, and the prosecutor on retrial of the same conduct sought more severe charges and punishment, courts have recognized that institutional pressure may subconsciously motivate a vindictive prosecutorial response in such situations and therefore the presumption of vindictiveness is appropriate. *Goodwin*, 457 U.S. at 375-77; *Williams*, 481 F.3d at 502. Where either that presumption applies, or the defendant has produced objective evidence of actual vindictiveness, the burden shifts to the government to come forward with evidence that the motivation for pursuing the charges was proper. *Bullis*, 77 F.3d at 1559.

Ribota has failed to meet his burden under either path. First, the procedural context of the charges does not raise the type of inherent risk of vindictiveness that supports a presumption of vindictiveness. We have not recognized any circumstances in which a presumption of vindictiveness has been deemed appropriate regarding events that occurred before trial. *Williams*, 481 F.3d at 504; *Jarrett*, 447 F.3d at 526;

*United States v. Pittman*, 642 F.3d 583, 586 (7th Cir. 2011). The Supreme Court has recognized that there is good reason to be cautious in applying such a presumption to the pretrial setting. *Goodwin*, 457 U.S. at 381. At that stage, the prosecutor is still engaged in a process of assessing the weight of the evidence and the charges that can successfully be pursued, as well as discovering new facts that may alter that analysis. *Id.* Although a prosecutor's view of the case may not have crystallized at that point, once a trial begins and certainly once a conviction is obtained, the prosecutor will have made a reasoned determination as to the extent to which the defendant should be prosecuted. *Id.* A change in the charging decision following a conviction and successful appeal is therefore much more likely to be improperly motivated than a pretrial decision. *Id.* Moreover, the Court recognized that there is no inherent risk of vindictiveness raised by the defendant's pursuit of various pretrial rights including the right to seek to suppress evidence. The Court noted that

> a defendant before trial is expected to invoke procedural rights that inevitably impose some "burden" on the prosecutor. Defense counsel routinely file pretrial motions to suppress evidence; to challenge the sufficiency and form of an indictment; to plead an affirmative defense … . It is unrealistic to assume that a prosecutor's probable response to such motions is to seek to penalize and to deter.

*Id.* Here, the prosecutor's agreement to the suppression of the evidence illustrates the type of ongoing analysis of the case and

the appropriate charges that is inherent in the pretrial process, and which properly falls within the discretion of the prosecutor. A decision to abandon one charge in favor of other charges at that stage is an expected part of that process of discernment.

Moreover, the spectre of vindictiveness is lacking where the challenged charge is independent of the one that formed the basis of the exercise of the legal right. Ribota filed the motion to suppress in a drug and gun case. The challenged contempt charge, however, did not involve the same conduct as that case. Where a more severe charge is filed as to the same conduct, the possibility of vindictiveness is raised because the prosecutor presumably chose to forego the more serious charge the first time around and, absent new circumstances, the choice to pursue a more severe charge after the defendant asserts a legal right raises the possibility that the motivation was improper. That same dynamic is not present when the challenged charge regards different criminal conduct. See *Williams*, 481 F.3d at 502 ("when the prosecutorial conduct involves *other* criminal conduct, the defendant must demonstrate actual vindictiveness rather than relying on the presumption … ."); *United States v. Ladeau*, 734 F.3d 561, 570-71 (6th Cir. 2013) (distinguishing between the substitution of more serious charges based on the same conduct and either the addition of other charges or a recalibration in response to a materially altered evidentiary landscape). There is no expectation that a prosecutor simultaneously will bring all possible criminal charges against a defendant involving diverse criminal incidents. In fact, the effective use of the resources of the office might caution against such an effort to pursue disparate trials at the same time against the same defendant,

and it would not be in a defendant's interest to create a rule in which prosecutors must file all possible charges immediately or risk a presumption of vindictiveness. See *Goodwin*, 457 U.S. at 382 n.14 ("there are certain advantages in avoiding a rule that would compel prosecutors to attempt to place every conceivable charge against an individual on the public record from the outset"). Accordingly, the district court properly determined that Ribota was not entitled to a presumption of prosecutorial vindictiveness.

Nor has Ribota presented any evidence of actual vindictiveness here. Ribota relies solely on the timing of the charge, arguing that because the contempt charge was filed on the day that the prosecutor agreed to the motion to suppress, he has presented objective evidence of vindictive motivation. We have repeatedly held, however, that evidence of suspicious timing alone does not indicate prosecutorial animus, and Ribota does not even argue that there is any evidence other than timing. *Pittman*, 642 F.3d at 587; *Falcon*, 347 F.3d at 1005. Moreover, the facts in this case are particularly unsuited to such an argument. First, the prosecutor who brought the contempt charge did not oppose the motion to suppress and expend significant resources in a losing battle, but rather agreed to the suppression of the evidence. There is no evidence of animus inherent in that scenario. Moreover, the personal stake in the matter was further diminished here because that prosecutor had not even brought the initial charge against Ribota. Finally, the timing of the charge was unremarkable given the nature of the contempt charge. Once the prosecutor agreed to the motion to suppress and decided to move for dismissal of the drug and firearm case, the prosecutor was faced with the prospect of a defendant

who would soon be released from custody. Given that the contempt charge was based on the defendant's decision to abscond for nine years after the last criminal charge was filed, the determination to immediately file the contempt charge while the defendant was still in custody is not only reasonable but readily anticipatable. Ribota has failed to present any evidence of vindictiveness, and therefore the district court properly denied the motion to dismiss the indictment.

The decision of the district court is AFFIRMED.