In the

# United States Court of Appeals
## For the Seventh Circuit

No. 22-1835

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ANGELA BALDWIN, also known as ANGELA TAYLOR,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:20-cr-00270 — **Tanya Walton Pratt**, *Chief Judge.*

ARGUED APRIL 12, 2023 — DECIDED MAY 30, 2023

Before SCUDDER, KIRSCH, and LEE, *Circuit Judges.*

KIRSCH, *Circuit Judge.* Angela Baldwin and her then-husband, Russell Taylor, sexually exploited four girls, including her two daughters and her niece. They conspired to produce and distributed explicit videos—some secretly recorded—of the girls. She sexually assaulted three of them. A jury convicted her of those crimes. She contends that her prosecution was vindictive and that her sentence is excessive. Neither contention has merit, so we affirm.

I

Russell Taylor and Angela Baldwin, then husband and wife, came to the government's attention thanks to an investigation into Jared Fogle's sexual exploitation of young girls. Even though both were subjects of the government's investigation, at first only Taylor was charged with crimes stemming from the couple's sexual exploitation of minors. Taylor cooperated with the government in prosecuting Fogle, pleaded guilty to sexually exploiting minors and to producing videos of their exploitation, and received 324 months' imprisonment in 2015.

In 2020, the district court vacated Taylor's conviction after finding his counsel ineffective. That vacatur forced the government to decide whether to retry Taylor. It elected to do so; Taylor pleaded guilty to a slightly smaller set of offenses and received the same sentence. (We recently vacated that conviction for reasons immaterial to this case, see *United States v. Taylor*, 63 F.4th 637 (2023)).

When the government reevaluated its case against Taylor, new prosecutors took a fresh look at the entire file and elected to bring similar charges against Baldwin for her involvement in the girls' exploitation. Baldwin exercised her right to a jury trial and was convicted of sexual exploitation of a minor, conspiring to produce child pornography, and possession of child pornography. See 18 U.S.C. §§ 2251(a), 2252(a)(4)(B). The district court sentenced her to 400 months' imprisonment, well below the advisory Guidelines' range of 1,320 months. She now appeals.

II

Baldwin first argues that the district court should have granted her motion to dismiss because the government's decision to prosecute her was vindictive. We review the district court's denial of a motion to dismiss for prosecutorial vindictiveness de novo and the district court's underlying factual findings for clear error. *United States v. Jarrett*, 447 F.3d 520, 524 (7th Cir. 2006).

Prosecutors enjoy wide discretion over whether, when, and who to charge. *United States v. Ribota*, 792 F.3d 837, 840 (7th Cir. 2015); see Fed. R. Crim. P. 48. But prosecutions can be vindictive if "pursued in retaliation for the exercise of a protected statutory or constitutional right." *United States v. Monsoor*, 77 F.3d 1031, 1034 (7th Cir. 1996). To show vindictiveness, Baldwin "must affirmatively show through objective evidence that the prosecutorial conduct at issue was motivated by some form of prosecutorial animus, such as a personal stake in the outcome of the case or an attempt to seek self-vindication." *Ribota*, 792 F.3d at 840. We have recognized a rebuttable presumption of vindictiveness applies in a small set of cases when the defendant exercises post-trial rights and confronts more serious penalties for the same conduct at his retrial. See *id*.; see also *Williams v. Bartow*, 481 F.3d 492, 502–04 (7th Cir. 2007) (citing *Blackledge v. Perry*, 427 U.S. 1 (1974), and *Thigpen v. Roberts*, 468 U.S. 27 (1986)). When that happens, the burden shifts to the government to prove a proper motive. *Ribota*, 792 F.3d at 840. But in most cases, including this one, no such presumption applies, and the defendant's burden remains to show by clear evidence that his prosecution was vindictive. *Jarrett*, 447 F.3d at 525.

Baldwin says that she was prosecuted in retaliation for Taylor's success in vacating his first conviction. Her argument lacks evidentiary or logical support. On the evidentiary front, Baldwin offers only speculation about the timing of her indictment—five years after Taylor was first indicted—and argues that timing shows impermissible prosecutorial animus. The record tells a very different story. When compelled to reevaluate its case, new prosecutors determined that the evidence—including testimony from her now-adult victims—made charges against Baldwin appropriate. See *Ribota*, 792 F.3d at 842 (noting that a change in prosecutors diminishes the "personal stake" at the core of a vindictive prosecution claim). Moreover, Taylor's success in vacating his original conviction stemmed from his counsel's incompetence, not missteps by the government, further diminishing any personal stake. In light of these facts and Taylor's successful reprosecution, it is clear that the government was neither responsible for nor hampered by Taylor's postconviction success. It is thus hardly surprising that Baldwin offers nothing but timing as evidence of the government's improper motive. But "the timing of a federal prosecution, alone, cannot change a legitimate exercise of prosecutorial discretion into a vindictive prosecution." *Jarrett*, 447 F.3d at 528. Just the opposite: "Waiting to build a stronger case before pursuing an indictment is evidence of responsible, rather than vindictive, government behavior." *Id.* at 530. Baldwin falls far short of carrying her burden to show that her prosecution was vindictive.

Putting aside Baldwin's evidentiary shortcomings, her vindictive prosecution claim makes little sense on its own terms. Baldwin's comparisons to cases when the government adds charges after a defendant succeeds on appeal miss the mark. It was Taylor, not Baldwin, who exercised his rights.

Cf. *United States v. Bullis*, 77 F.3d 1553, 1558 (7th Cir. 1996) ("A prosecution is vindictive and a violation of due process if undertaken to punish a person because he has done what the law plainly allowed him to do.") (cleaned up). Indeed, until the government charged her, Baldwin exercised no rights at all, so she is entitled to no presumption of vindictiveness. See *Ribota*, 792 F.3d at 841 ("[T]he spectre of vindictiveness is lacking where the challenged charge is independent of the one that formed the basis of the exercise of the legal right."). More to the point, Taylor stood to gain from Baldwin's prosecution: Taylor might have received additional sentencing consideration in exchange for his cooperation against Baldwin. See U.S.S.G. § 5K1.1. Baldwin's contention that she was prosecuted to punish Taylor holds no water.

Because nothing in the record suggests that the government's decision was guided by anything improper, Baldwin's vindictive prosecution claim fails.

III

Baldwin next attacks her sentence as procedurally infirm and substantively unreasonable. We review procedural challenges de novo but review the court's factual findings only for clear error. *United States v. Chagoya-Morales*, 859 F.3d 411, 423 (7th Cir. 2017). When considering a sentence's substantive reasonableness, we review for an abuse of discretion. *United States v. Baker*, 56 F.4th 1128, 1133 (7th Cir. 2023).

The gist of Baldwin's procedural argument is that Taylor—whose conduct she argues was more reprehensible and sustained than her own—received a lighter sentence, thus violating the general rule against unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(6). The district court

sentenced both Taylor and Baldwin on the same day, and Baldwin does not argue that the district court was unaware of or overlooked Taylor's conduct and sentence when sentencing Baldwin. Instead, Baldwin points to the fact that, on a per-count basis, her sentence is roughly an order of magnitude higher than Taylor's. That is, Taylor pleaded guilty to 30 counts and was sentenced to 324 months, or 10.8 months per count; Baldwin was convicted on 4 counts and sentenced to 400 months, or 100 months per count.

We have repeatedly and unambiguously rejected the idea that sentences must be evaluated on a per-count basis. See, e.g., *United States v. Jett*, 982 F.3d 1072, 1080 (7th Cir. 2020) ("The Supreme Court has bluntly rejected the argument that a sentencing judge must consider each count in isolation when fashioning a sentence."). Nothing in the federal code or the rich body of case law that governs sentencing gives any hint that comparative months-per-count has any relevance to a district court's sentencing determination. See *Dean v. United States*, 581 U.S. 62, 67 (2017) (explaining that sentences may be considered in the aggregate); see also U.S.S.G. § 3D1.1 et seq. (setting forth rules governing how multiple counts of conviction affect a defendant's total offense level). We therefore decline Baldwin's invitation to consider her sentence on a per-count basis.

Baldwin contends that her sentence is procedurally deficient because Taylor received a lighter sentence for more serious conduct, but we reject that framing. The Guidelines aim to treat like offenders alike and are themselves an anti-disparity tool. As a result, a below-Guidelines sentence like Baldwin's cannot stem from an unwarranted disparity. *United States v. Oregon*, 58 F.4th 298, 304 (7th Cir. 2023). That Taylor

also received a below-Guidelines sentence is irrelevant to the procedural soundness of Baldwin's sentence. Comparing below-Guidelines sentences involves only a weighing of the § 3553(a) factors, something firmly committed to the district court's discretion.

Properly reframed as a substantive challenge, Baldwin faces an uphill battle to show that her below-Guidelines sentence is unreasonable. She again points to the difference between her sentence and Taylor's. We note that while both sentences fell well below each defendant's Guidelines range, sentences of 400 and 324 months are significant. At any rate, the difference can be—and indeed was—explained by Taylor's cooperation and contrition. A "difference justified by the fact that some wrongdoers have accepted responsibility and assisted the prosecution, while others have not, is not 'unwarranted.'" *United States v. Bartlett*, 567 F.3d 901, 908 (7th Cir. 2009). Baldwin's other contentions amount to a request that we reweigh the § 3553(a) factors, something we do not do. *Oregon*, 58 F.4th at 303. Finally, Baldwin contends that the district court's implication that she was a bad mother is evidence of untoward prejudice. But the district court can consider the facts before it, and the record speaks for itself.

AFFIRMED