[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13951
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00348-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE KODELL GOODWIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 17, 2013)

Before TJOFLAT, PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Eddie Kodell Goodwin appeals his conviction and sentence of 262 months'

imprisonment for possession with intent to distribute cocaine base, commonly

known as "crack cocaine," cocaine hydrochloride, commonly known as "powder cocaine," and marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(1)(D).   For the reasons set forth below, we affirm Goodwin's conviction and sentence.

I.

On appeal, Goodwin argues that the evidence at trial was insufficient to support his conviction.   Goodwin asserts that the small quantities of controlled substances at issue in his case were insufficient to support a reasonable inference that he intended to distribute the substances.  According to Goodwin, the amount of cash law enforcement discovered on him was not indicative of his involvement in the drug trade, as the evidence at trial showed that drug dealers may carry large amounts of cash or none at all.  Goodwin also asserts that he did not possess a weapon, scales, packaging, or other drug paraphernalia at the time of his arrest.[1]

We review both a challenge to the sufficiency of the evidence and the district court's denial of a Fed.R.Crim.P. 29 motion for a judgment of acquittal *de novo*. *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011).  In considering the sufficiency of the evidence, we view the evidence in the light most favorable to the government, with all inferences and credibility choices made in the

---

[1]  Goodwin briefly notes that possession can be actual or constructive, but he fails to develop any argument in his brief as to whether the evidence at trial was sufficient with respect to the possession element of the offense.  Thus, we deem this argument abandoned. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (deeming an issue abandoned when a defendant merely makes a passing reference to an alleged error in his brief).

government's favor, and affirm the conviction if, based on this evidence, a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.* Although we customarily review *de novo* the sufficiency of the evidence supporting a conviction, where the defendant does not clearly object in the district court on a specific basis, the district court can only be reversed on our finding of plain error. *United States v. Joseph*, 709 F.3d 1082, 1103 (11th Cir. 2013) (reviewing for plain error a defendant's insufficiency-of-the-evidence argument).

To support a conviction under § 841(a)(1), the government must establish that the defendant (1) knowingly (2) possessed drugs (3) with intent to distribute them. *United States v. Faust*, 456 F.3d 1342, 1345 (11th Cir. 2006). Intent can be proven circumstantially from the quantity of drugs and the existence of implements, like scales, that are commonly used in connection with the distribution of cocaine. *United States v. Capers*, 708 F.3d 1286, 1301 (11th Cir. 2013).

Here, because Goodwin did not raise this issue in the district court, plain-error review applies. *See Joseph*, 709 F.3d at 1103. At trial, Christopher Reed, who the court admitted as an expert in street-level drug distribution, testified that a typical powder-cocaine user purchased "a few grams" of the drug at a time, but not a whole ounce. However, at the time of his arrest, Goodwin had possessed more than 2 ounces of powder cocaine, specifically, 52.96 grams. Next, Reed testified that a typical crack-cocaine user purchased $20 to $100 of the drug at a

time, but Goodwin possessed $3,500 to $4,000 in crack cocaine at the time of his arrest.  Additionally, the crack-cocaine was separated into five individually wrapped packages, and Reed testified that drugs that were to be distributed were either packaged in bulk or in smaller units, depending on the level of drug dealer distributing the drugs.   The evidence further showed that Goodwin possessed 90.9 grams of marijuana, but Reed testified that typical marijuana users only purchased 1 to 28.35 grams of the drug at a time.  The total street value of all of the drugs Goodwin possessed was over $5,000.  Goodwin correctly notes that Reed testified that it was common to discover drug distributers with large amounts of cash, as well as with no cash.  However, contrary to Goodwin's argument, a reasonable jury could infer that the discovery of $1,026 in different denominations of bills in Goodwin's pockets illustrated his intent to distribute, as Goodwin informed law enforcement that he did not work, and we view the evidence in the light most favorable to the government.  *See Gamory*, 635 F.3d at 497.  In light of (1) the quantity and value of the drugs Goodwin possessed, (2) the way that the drugs were packaged, and (3) the amount of cash Goodwin possessed, sufficient evidence supports the jury's finding that Goodwin possessed the drugs with the intent to distribute.  *See Poole*, 878 F.2d at 1392.  Accordingly, the district court did not commit error, much less plain error, in denying Goodwin's motion for a judgment of acquittal.

4

II.

Goodwin argues that the government failed to provide sufficient notice that it intended to seek enhanced penalties under 21 U.S.C. § 851 and that the timing of the notice violated his due process rights. Specifically, he asserts that the government should have provided him with the notice prior to the pretrial conference held on March 7, 2012, rather than on March 9, 2012, so that he had adequate time to decide whether to plea or go to trial.

We review *de novo* questions regarding the adequacy of a § 851 notice. *United States v. Jackson*, 544 F.3d 1176, 1183 n.6 (11th Cir. 2008). Section 841(b) provides a maximum penalty of 20 years' imprisonment for a § 841(a) offense involving cocaine hydrochloride or cocaine base. 21 U.S.C. § 841(b)(1)(C). However, where the defendant commits such a violation after a prior conviction for a felony drug offense has become final, the maximum sentence is 30 years' imprisonment. *Id.* In order to be subject to increased punished under § 841, the government must file an information with the court stating the previous convictions upon which the government relies. 21 U.S.C. § 851(a)(1). The information must be filed before trial or before the entry of the guilty plea. *Id.* The purpose of § 851 is to allow the defendant to contest the accuracy of the information and to have sufficient time to determine whether to enter a plea or to

5

go to trial and plan his trial strategy with full knowledge of the consequences of a potential guilty verdict. *United States v. Williams*, 59 F.3d 1180, 1185 (11th Cir. 1995). We have held that the government's filing of its § 851 information a week before the defendant's trial began complied with the time requirement set forth in § 851 and allowed the defendant sufficient time to decide whether to plead guilty or proceed to trial and plan his trial strategy. *Jackson*, 544 F.3d at 1185; *see United States v. Rice*, 43 F.3d 601, 604 (11th Cir. 1995) (providing that the government complied with the time requirements of § 851 by serving the defendant's counsel with the information on the first day of trial, before the jury was selected).

Here, it is undisputed that the § 851 notice was served on Goodwin's counsel on March 9, 2012, and the first day of Goodwin's trial was March 26, 2012. Thus, the government complied with the mandatory time limit set forth in § 851, as the notice was served well before trial. *See* 21 U.S.C. § 851(a)(1). Further, the notice, which was filed more than two weeks before trial, allowed Goodwin sufficient time to decide whether to plead guilty or proceed to trial and plan his trial strategy with full knowledge of the penalties he faced. *See Jackson*, 544 F.3d at 1185. Therefore, the government complied with the § 851 time requirement, and Goodwin has not shown that his due process rights were violated

6

on the basis that he did not have sufficient time to decide whether to plead guilty or proceed to trial.  *See id.*

For the foregoing reasons, we affirm Goodwin's conviction and sentence.

**AFFIRMED.**